C.O. BRADFORD in His Official Capacity as Chief of Police of the Houston Police Department and the City of Houston, Appellants,

v.

Michel L. PAPPILLION, Appellee.

No. 14–04–00783–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 26, 2006.

---

3. The writ will issue only if the trial court fails to act in accordance with this opinion.

Shani Ain Dennis, Houston, for appellants.

Chad T. Hoffman, Aaron Jeffries Suder, Houston, for appellee.

Panel consists of Justices FOWLER, EDELMAN, and GUZMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

In this police officer disciplinary action, C.O. Bradford in his official capacity as Chief of Police of the Houston Police Department ("HPD") and the City of Houston (collectively, the "City") appeal a summary judgment entered in favor of HPD Sergeant Michel Pappillion on the ground that the hearing examiner exceeded his authority by reversing a disciplinary sanction based on an erroneous interpretation of state law. We affirm.

## Background

In 2002, Acting HPD Chief M.W. Thaler (the "Chief") suspended Pappillion for fourteen days for violating the Fire Fighters' and Police Officers' Civil Service Rules of the City of Houston. Pappillion appealed this suspension (the "suspension") to a hearing examiner, who found that although Pappillion had violated the rules as charged, the City did not impose the temporary suspension within the 180 day period that is generally required. The examiner thus awarded Pappillion reinstatement and back pay.

The City filed suit in District Court, appealing the hearing examiner's decision.[1] The parties filed cross motions for summary judgment on whether the suspension was imposed within the required time period. The district court denied the City's motion and granted that of Pappillion.

## Standard of Review

A motion for summary judgment may be granted if the motion and summary judgment evidence show that, except as to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). In reviewing a summary judgment, we take as true all

---

1. The City's petition sought, in the alternative, a declaratory judgment that the hearing examiner had exceeded his authority in attempting to retain jurisdiction in the event a dispute arose regarding his award. The trial court's judgment disposed of this claim by reciting that the parties had stipulated to the issue that hearing examiners cannot retain jurisdiction subsequent to the issuance of an award. Beyond the declaratory relief requested in the City's petition, the opening paragraph of its motion for summary judgment states that the City was seeking a declaratory judgment that the hearing examiner improperly ruled that the Chief may not administer lesser discipline after complying with section 143.1017(h). By denying the City's motion for summary judgment, the trial court denied the request for declaratory relief contained in it. Because the City's brief on appeal does not assign error to, or otherwise separately address, the denial of declaratory relief (but references only the standard of review applicable to an appeal of a hearing examiner's decision), we will address the City's contentions only in the context of its appeal of the hearing examiner's decision.

competent evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842, 846 (Tex.2005). When both parties file motions for summary judgment in the trial court, the appellate court determines all presented questions and renders judgment. *SAS Inst., Inc. v. Breitenfeld,* 167 S.W.3d 840, 841 (Tex.2005).

### Appeal of Hearing Examiner Decision

#### *Scope of Appeal*

 A district court may hear an appeal of a hearing examiner's award only on the grounds that: (1) the examiner was without jurisdiction or exceeded his jurisdiction; or (2) the examiner's order was procured by fraud, collusion, or other unlawful means. *See* TEX. LOC. GOV'T CODE ANN. § 143.1016(j) (Vernon 1999). The Texas Supreme Court has recently recognized that the City has a right to appeal under section 143.1016(j), but the scope of review is restricted to what is described in that provision. *City of Houston v. Clark,* 197 S.W.3d 314, 324 (Tex.2006). The *Clark* opinion further noted that if section 143.1016(j) does not afford the City a meaningful review of the merits of a decision, delegation of grievance decisions to an independent hearing examiner may raise constitutional problems. *Id.*[2]

In this case, the City's issues contend that the hearing examiner's order falls within section 143.1016(j) because it constitutes an "abuse of authority," and that an abuse of authority means a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law. Because the City does not challenge the scope of appeal set forth in section 143.1016(j) on constitutional grounds or contend that the abuse of authority standard is constitutionally required, but only that it is what section 143.1016(j) prescribes, we address the scope of appeal only on that basis.

If a statute is clear and unambiguous, we must apply its words according to their common meaning without resort to rules of construction or extrinsic aids, although we may also ascertain legislative intent from the objective of the law, its history, and the consequences of a particular construction. *State v. Shumake,* 199 S.W.3d 279, 284 (Tex.2006). In this instance, the terms used in section 143.1016(j) to describe the scope of appeal are unambiguous, and we have found no statutory definition of them for this purpose (such as to indicate a departure from their common meaning). Moreover, the common meaning of those terms would not include merely an error in applying the law, as the City contends.

The line of Texas appeals court decisions that have applied an abuse of authority

**2.** The conclusion in *Clark* that section 143.1016(j) affords the City a right to appeal a hearing examiner's decision was based in large part on the City's contention, and the Court's concern, that construing the statute to foreclose a right of appeal would constitute an unconstitutional delegation of legislative authority. *Clark,* 197 S.W.3d at 317, 320. However, the Texas Constitution guarantees separation of powers only as between the branches of *state* (not local) government. *City of Fort Worth v. Zimlich,* 29 S.W.3d 62,

72 (Tex.2000) (overruling City of Forth Worth's separation of powers challenge to the venue provision of the Whistleblower Statute). Moreover, in construing the current statute to provide the City this right of appeal, the opinion construed a previous version of the statute to deny a police officer or fire fighter that right, and, thus, in effect, to have the very constitutional defect that the Court was construing the current statute to avoid. *See id.* at 321–25.

standard in the context of section 143.1016(j) appears to have originated with the following rationale:

> The City is correct in its third issue when it argues that the standard of appeal from a hearing examiner's award is an abuse of authority. That is the only interpretation which can be given to Chapter 143.1016(j) of the Texas Local Government Code, since the statute limits appeals to those situations when the hearing examiner was "without jurisdiction or exceeded its jurisdiction or [when] the order was processed by fraud, collusion, or by other unlawful means." This type of appeal is clearly intended to differ from an appeal from a civil service board decision, which requires that the decision be supported by substantial evidence.

*Nuchia v. Tippy,* 973 S.W.2d 782, 786–87 (Tex.App.-Tyler 1998, no pet.) (citations omitted).

 The Texas Supreme Court has recognized the abuse of authority standard as applying to the propriety of a civil service commission's disciplinary measure that is within the commission's discretion and supported by substantial evidence. *See Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex.1984). Although the Court did not define this standard, the use of it in that context indicates it would reach only matters beyond the normal scope of review under the substantial evidence standard. *See id.* Under that standard, the review is limited to whether the agency's decision is free of the taint of illegality and supported by substantial evidence. *Id.* at 955–56. A substantial evidence review is thus directed solely to the reasonableness of the decision, not its correctness. *Id.* at 956. It logically follows that the abuse of authority standard is a more limited review than the substantial evidence standard and requires more than just an incorrect or even unreasonable decision to invoke.

However, some Texas appeals courts have modified the abuse of authority standard to apply it to the review of any question of law in an appeal of a commission or agency decision, based on the rationale that the substantial evidence rule is not a proper standard of review for a question of law [3] (even though a substantial evidence review is itself a question of law [4]). These decisions reason that, because a *trial court* has no discretion in determining the applicable law and applying it to the facts, a failure to do either correctly is thereby an abuse of authority.[5]

We have found no case in which the Texas Supreme Court has applied any variation of the abuse of authority standard to either section 143.1016(j) or any similarly worded statute. In addition, although there is overlap between the scope of the abuse of authority standard and the common meaning of the language used in section 143.1016(j), there is little, if any, basis to equate them. Moreover, the variation of the abuse of authority standard relied upon by the City is considerably different from that recognized by the Texas Supreme Court.

 Therefore, the scope of review provided in section 143.1016(j) is unsettled, both facially and constitutionally. It is

---

3. *See, e.g., City of Carrollton Civil Serv. Comm'n v. Peters,* 843 S.W.2d 186, 188–89 (Tex.App.-Dallas 1992, writ denied).

4. *See Brinkmeyer,* 662 S.W.2d at 956.

5. *See id.*

clear only that an appeal from a hearing examiner's decision differs categorically from, and is severely circumscribed relative to, an appeal from a Commission decision, which is itself reviewed only for reasonableness, not correctness. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.015, 143.1016(j) (Vernon 1999); *Clark,* 197 S.W.3d at 319–20; *Brinkmeyer,* 662 S.W.2d at 955–56. However, we need not reach a conclusion on the scope of review under section 143.1016(j) because the City has not demonstrated, as discussed below, that the hearing examiner applied the law incorrectly so as to be within the scope of review advocated by the City.

### *Review of Decision*

█ The hearing examiner's decision was based on the following provisions of section 143.117 of the Local Government Code:

(a) The head of the fire or police department may suspend a fire fighter or police officer under the department head's supervision or jurisdiction for disciplinary reasons for a reasonable period not to exceed 15 days.

(b) The department head may suspend a fire fighter or police officer under this section only if the person violates a civil service rule. However, the department head may not suspend a fire fighter or police officer later than the 180th day after the date the department discovers or becomes aware of the civil service rule violation. . . .

\* \* \* \*

(d) The suspension is void and the fire fighter or police officer is entitled to the person's full pay if: . . .

(2) the suspension is imposed later than the 180th day after the date the

department discovers or becomes aware of the violation that resulted in the suspension.

TEX. LOC. GOV'T CODE ANN. § 143.117(a), (b), (d) (Vernon 1999).

The City does not dispute that Papillion's suspension was imposed more than 180 days after the department became aware of the violation on which it was based, but relies on the following provision as constituting an exception to the foregoing rule:

(h) The department head may order an *indefinite* suspension based on an act classified as a felony or any other crime involving moral turpitude after the 180–day period following the date of the discovery of the act by the department if the department head considers delay to be necessary to protect a criminal investigation of the person's conduct. If the department head intends to order an indefinite suspension after the 180–day period, the department head must file with the attorney general a statement describing the criminal investigation and its objectives within 180 days after the date the act complained of occurred.

TEX. LOC. GOV'T CODE ANN. § 143.1017(h) (Vernon 1999) (emphasis added). In this case, the Chief initially invoked section 143.1017(h) by sending the prescribed letter (the "letter") to the Attorney General. However, at the conclusion of the investigation, Papillion was not charged with a criminal offense, and the Chief concluded that the findings did not warrant an indefinite suspension. Therefore, he imposed only a temporary suspension of 14 days.

The City essentially contends that, because the sending of the letter operates to toll the 180–day period for imposing an indefinite suspension, it logically follows

that it must have the same effect where, as here, only a temporary suspension is ultimately imposed (instead of an indefinite one). Although this interpretation would obviously have practical advantages in situations such as this, where it cannot be known until an investigation is completed whether an indefinite suspension can be imposed, it is not what the statute plainly states. Rather than referring merely to "a suspension" or to both kinds of suspension (temporary and indefinite), as do other provisions, the operative sentence expressly refers only to "an indefinite suspension."

It is, of course, possible that an analysis of legislative history, objectives of the statute, rules of construction, and the like could lead to a conclusion that the City's interpretation is nevertheless what the Legislature "intended." However, the City's brief provides an inadequate basis to establish any such legislative intent. Moreover, there is no indication in the statute or other rationale to suggest that a hearing examiner has the qualifications or discretion to interpret statutes other than as they are plainly written, such that his decision can properly be reviewed on that basis, and particularly within the limited scope of review under section 143.1016(j).

Because the hearing examiner's decision is well within a reasonable interpretation of the statute, the City's challenge on appeal fails to demonstrate that the trial court erred in affirming it under the City's own interpretation of section 143.1016(j). Accordingly, the City's issues are overruled, and the judgment of the trial court is affirmed.

FOWLER, J., concurs in the result only.