The CITY OF HOUSTON, Appellant,

v.

**Donald CLARK, Appellee.**

No. 14–03–00399–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 18, 2008.

Substitute Concurring Opinion April 22, 2008.

Timothy J. Higley, Houston, for appellant.

E. Troy Blakeney, Richard Charles Mumey, Houston, for appellee.

Panel consists of Justices FROST, GUZMAN, and EDELMAN.*

## MAJORITY OPINION

KEM THOMPSON FROST, Justice.

In this appeal regarding disciplinary action taken against a member of the Houston Fire Department, the City of Houston challenges a summary judgment granted in favor of that member, alleging (1) error in the district court's declaratory judgment that an acting fire chief lacks authority to suspend fire department members, and (2) error by the district court in concluding that the hearing examiner did not exceed his jurisdiction. Under applicable statutes, a district court adjudicating an appeal from a hearing examiner's decision lacks jurisdiction to review the merits of that decision. Therefore, the district court lacked jurisdiction over the parties' declaratory-relief requests. For this reason, we vacate the district court's judgment in this regard, and we dismiss the City's appeal to this extent. However, because we have determined that the district court did not err in concluding that the hearing examiner acted within his jurisdiction in making his decision, we affirm the district court's rejection of the City's appeal from the hearing examiner's award.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1999, Houston Fire Department Assistant Chief Chris Connealy, while serving as Acting Fire Chief, temporarily suspended appellee Donald Clark, a member of the Houston Fire Department, for failing to follow the fire department's regulations. Clark appealed his suspension to a hearing examiner. In his decision, the hearing examiner ruled that Clark's "grievance" was "denied" because just cause existed for Clark's suspension. However, the hearing examiner also determined that only the appointed Fire Chief, and not the Acting Fire Chief, had authority to temporarily suspend Clark. Consequently, the hearing examiner "granted" Clark's "Motion to Dismiss the charges against [Clark]" because he concluded the Acting Fire Chief had no authority to issue the suspension.

The City of Houston appealed the hearing examiner's decision to the district court, and the City also sought a declaratory judgment that an Acting Fire Chief has the authority to suspend members of the fire department (hereafter referred to as the "authority issue"). The district court granted summary judgment for Clark based on collateral estoppel. However, the First Court of Appeals reversed and remanded the case to the district court. *See City of Houston v. Clark*, No. 01–01–00828, 2002 WL 31771188, at *4 (Tex.App.-Houston [1st Dist.] 2002, Dec. 12, 2002, no pet.) (not designated for publication).

On remand, Clark filed another motion for summary judgment, and the City filed a cross-motion for summary judgment. The district court denied the City's motion, and granted Clark's motion. In its judgment, the district court rendered a declaratory judgment that: (1) the term "department head," contained in section 143.117 of the Local Government Code, does not include an Acting Fire Chief who was not appointed by the mayor or confirmed by the city council; (2) an Assistant Fire Chief temporarily appointed by the Fire Chief to serve as Acting Fire Chief is not empowered with the authority to suspend fire department members; and (3) Acting

---

* Senior Justice Richard H. Edelman, sitting by assignment.

Fire Chief Connealy did not have the authority to suspend Clark. In its final order, the district court rejected the City's appeal from the hearing examiner's decision. The City appealed the district court's judgment, and this court dismissed the appeal for lack of subject matter jurisdiction, holding that, under the applicable statutes, the City had no right to appeal the hearing examiner's decision and that the district court's declaratory judgment was an advisory opinion. *See City of Houston v. Clark*, 142 S.W.3d 350, 353–54 (Tex.App.-Houston [14th Dist.] 2004), *rev'd*, 197 S.W.3d 314, 324 (Tex.2006). Without addressing this court's decision regarding the district court's declaratory judgment, the Supreme Court of Texas concluded that the City did have the right to appeal, reversed this court's judgment, and remanded for consideration of the party's appellate arguments. *See City of Houston v. Clark*, 197 S.W.3d 314, 318–24 (Tex. 2006).

## II. STANDARD OF REVIEW

A summary judgment may be granted if the summary-judgment record shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law on the issues expressly set out in the summary-judgment motion and responses. TEX. R. CIV. P. 166a(c). In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex.2000). In our de novo review of a

lower court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex.2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex.2007).

## III. ISSUES AND ANALYSIS

### Declaratory Judgment

█ The City first challenges the district court's declaratory-judgment ruling on the merits as to the authority issue. Chapter 143 of the Texas Local Government Code offers procedures to fire fighters and police officers by which to appeal certain adverse disciplinary actions to a hearing examiner. *See* TEX. LOC. GOV'T CODE ANN. § 143.1016 (Vernon 1999); *see generally* TEX. LOC. GOV'T CODE ANN. § 143.001 *et. seq.* (Vernon 1999). Under subsection 143.1016(c) of the Texas Local Government Code, a hearing examiner's decision is final and binding on all parties. TEX. LOC. GOV'T CODE ANN. § 143.1016(c); *Clark*, 197 S.W.3d at 318. Subsection 143.1016(j) permits a district court to hear an appeal of a hearing examiner's award. TEX. LOC. GOV'T CODE ANN. § 143.1016(j); *Clark*, 197 S.W.3d at 318. However, such an appeal is limited to three grounds: (1) the hearing examiner[1] lacked jurisdiction; (2) the hearing examiner exceeded his jurisdiction; or (3) the hearing examiner's decision was procured

---

1. *See* TEX. LOC. GOV'T CODE ANN. § 143.1016(j); *see also id.* § 143.057(j) (Vernon 1999). Both subsection 143.057(j) and subsection 143.1016(j) refer to a police officer's or fire fighter's ability to appeal a hearing examiner's award on the basis that "the

arbitration panel" lacked jurisdiction or exceeded its jurisdiction. *See id.* §§ 143.057(j), 143.1016(j). The legislature's use of the phrase "arbitration panel" is difficult to explain in the context of an appeal from a

by fraud, collusion, or other unlawful means.[2] TEX. LOC. GOV'T CODE ANN. § 143.1016(j); *see Clark*, 197 S.W.3d at 318; *City of Houston v. Williams*, 99 S.W.3d 709, 713 (Tex.App.-Houston [14th Dist.] 2003, no pet.). The City has never asserted the third ground; however, it did assert the first two grounds in the district court.

■ Whether the hearing examiner correctly determined the authority issue is irrelevant to the resolution of the City's appeal. The district court below made declarations on the merits of the authority issue. The City challenges these declarations in its appeal in this court. However, the district court lacked jurisdiction to make these declarations because the hearing examiner ruled on this issue in his decision and, by statute, the district court cannot review the merits of this decision but only the three non-merits issues listed in section 143.1016(j). *See* TEX. LOC. GOV'T CODE ANN. § 143.1016(j); *Clark*, 197 S.W.3d at 324; *Williams*, 99 S.W.3d at

713 (holding district court lacked jurisdiction to make declaration regarding merits of firefighter's appeal to hearing examiner). Therefore, although a case or controversy exists regarding the authority issue, section 143.1016 deprives the district court of jurisdiction to make a declaration regarding this issue.[3] Because the district court lacked jurisdiction, this court lacks jurisdiction over the City's appeal from the district court's declaratory judgment; therefore, as to this part of the district court's judgment, we vacate the judgment and dismiss the City's appeal.[4] *See Gantt v. Gantt*, 208 S.W.3d 27, 31 (Tex.App.-Houston [14th Dist.] 2006, pet. denied) (vacating trial court judgment and dismissing appeal based on lack of subject matter jurisdiction in the trial court).

### The Hearing Examiner's Jurisdiction

■ The City also contends the district court erred by rejecting the City's contention that the hearing examiner exceeded his jurisdiction based on his lack of juris-

hearing examiner's decision. *See Clark*, 197 S.W.3d at 318 n. 5. It may be explained by the fact that the American Arbitration Association apparently provides the hearing-examiners. For purposes of this opinion, it is presumed that the references in the statutes to an "arbitration panel" include hearing examiners. *See id.*

2. This appeal primarily involves subsection 143.1016(j) of the Texas Local Government Code as the City is a municipality with a population of 1.5 million people or more. *See* TEX. LOC. GOV'T CODE ANN. § 143.1016(j); *see Clark*, 197 S.W.3d at 317 n. 4. However, the language at issue in this case regarding appeals of hearing-examiner decisions in sections 143.1016(c) and (j) is substantially similar to the language of sections 143.057(c) and (j). *See* TEX. LOC. GOV'T CODE ANN. §§ 143.057(c), (j), 143.1016(c), (j).

3. In *Nuchia v. Woodruff*, this court held that, despite section 143.1016, the district court had jurisdiction to make a declaration as to whether the hearing examiner exceeded his

jurisdiction, in addition to ruling on an appeal on this same basis. 956 S.W.2d 612, 615–18 (Tex.App.-Houston [14th Dist.] 1997, pet. denied). However, in that case, the requested declaration addressed the same issue that would decide the appeal from the hearing examiner's decision rather than the merits of the hearing examiner's decision. Therefore, the *Woodruff* case is not on point. *See id.*

4. Our concurring colleague concludes that the district court lacked jurisdiction to render a declaratory judgment as to the authority issue based on a lack of standing. *See post* at pp. 563–64. Our colleague reasons that there is no standing due to a lack of case or controversy regarding the requests for declaratory relief because the authority issue will be resolved by the City's appeal of the hearing examiner's decision. *See id.* However, after concluding there is no jurisdiction as to the declaratory-judgment issue because the City's appeal will resolve the authority issue, our colleague would adjudicate the City's appeal without addressing the authority issue.

diction to rule on the authority issue because, the City asserts, this issue was not stated as a ground in Clark's notice of appeal to the hearing examiner, as the City asserts is required by section 143.010(b). *See* TEX. LOC. GOV'T CODE ANN. § 143.010(b) (Vernon 1999). Presuming that this section applies to appeals to a hearing examiner, courts have held that an appellant must include in the notice of appeal one of the statements contained in the second sentence of section 143.010(b) in order to invoke appellate jurisdiction under section 143.010(b). *See id.*; *City of Temple Firemen's and Policemen's Civil Serv. Comm'n v. Bender*, 787 S.W.2d 951, 952 (Tex.1990) (per curiam); *Firefighters' and Police Officers' Civil Service Commission of City of Houston v. Ceazer*, 725 S.W.2d 431, 433 (Tex.App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.). The City does not assert that Clark failed to invoke the hearing examiner's jurisdiction at all by failing to include one of these grounds in his notice of appeal; rather, the City asserts that the hearing examiner's jurisdiction is limited to only those grounds stated in the notice of appeal and that Clark did not state the authority issue as a ground in his notice.

The City has not cited and research has not revealed any cases addressing the issue of whether an appeal to a hearing examiner is limited to the grounds specified in the notice of appeal.[5] Nonetheless, the City has a proof problem—the appellate record does not reflect what grounds Clark stated in his notice of appeal. Our

record does not contain Clark's notice of appeal to the hearing examiner, and it does not indicate that this document was before the district court. The only reference to Clark's notice of appeal in the record is in the parties' district court stipulations, in which they agree that "Clark timely appealed his suspension to an independent third-party hearing examiner under the provisions of Chapter 143, Texas Local Government Code." Even if section 143.010 applied and limited Clark's appeal to the grounds stated in his notice of appeal,[6] because the notice is not contained in our record, we would presume that the missing document supports the district court's determination that the hearing examiner did not exceed his jurisdiction. *See, e.g., Middleton v. Nat'l Fam. Care Life Ins. Co.*, No. 14-04-00428-CV, 2006 WL 89503, at *2 (Tex.App.-Houston [14th Dist.] Jan. 17, 2006, pet. denied) (mem.op.) (holding that, because appellate record did not contain a complete record of the trial, this court would presume the omitted portions are relevant to the disposition of the appeal and support the trial court's judgment); *Hiroms v. Scheffey*, 76 S.W.3d 486, 489 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (holding that the court could not address the merits of an alleged charge error because appellate record did not contain a complete record of the trial proceedings). Therefore, we cannot reach the merits of the City's argument because we cannot review the contents of Clark's notice of appeal. *See Middleton*, 2006 WL 89503, at *2; *Hiroms*, 76 S.W.3d at 489.

---

5. No court appears to have addressed this issue, and it appears to be one of first impression.

6. Our concurring colleague states that the City agreed to include the authority issue in the *appeal to the hearing examiner*; however, this point is only relevant to the analysis if, contrary to the City's argument, the hearing examiner's jurisdiction is not limited to the

grounds stated in the notice. *See post* at pp. 565–66; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993) (noting how jurisdiction is essential to the authority to hear a case and cannot be waived); *In re Powers*, 974 S.W.2d 867, 871 (Tex.App.-Houston [14th Dist.] 1998, orig. proceeding) ("Subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel.").

The City also asserts that the hearing examiner lacked jurisdiction to rule on the authority issue or exceeded his jurisdiction in doing so because the hearing examiner abused his discretion and ignored or misinterpreted controlling law. As stated above, the district court and this court lack jurisdiction to review the merits of the hearing examiner's decision, including issues regarding whether the hearing examiner abused his discretion and ignored or misinterpreted controlling law. *See* TEX. LOC. GOV'T CODE ANN. § 143.1016(j); *Williams*, 99 S.W.3d at 713.

Finally, the City argues that, under section 143.118 of the Texas Local Government Code, the hearing examiner's jurisdiction over an appeal of a suspension is limited to deciding whether the suspension (1) is supported by just cause, (2) should be reduced, or (3) should be reversed. *See* TEX. LOC. GOV'T CODE ANN. § 143.118 (Vernon 1999). However, this statute does not expressly purport to set forth or limit a hearing examiner's jurisdiction, and the City has not provided any argument, analysis, or authorities in support of its assertion that this jurisdiction is so limited. Therefore, we conclude that the City has waived this challenge to the district court's judgment. *See* TEX. R. APP. P. 38.1(h); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 337 (Tex.App.-Houston [14th Dist.] 2005, no pet.).

In any event, even absent briefing waiver, the City would not prevail. In conducting a hearing in an appeal of a suspension, a hearing examiner has the same powers as the Fire Fighters' and Police Officers' Civil Service Commission. TEX. LOC. GOV'T CODE ANN. §§ 143.003(1), 143.1016(f). Therefore, this court has concluded that a hearing examiner has the authority to interpret statutory provisions and make decisions thereon. *See Williams*, 99 S.W.3d at 717; *Lindsey v. Fireman's and Policeman's Civil Serv. Comm'n*, 980 S.W.2d 233, 236–37 (Tex. App.-Houston [14th Dist.] 1998, pet. denied). For this reason, the hearing examiner did not exceed his jurisdiction by deciding the authority issue based on his interpretation of the statutes at issue. In addition, a hearing examiner, as the hearing examiner did in this case, may reverse a suspension and order that the fire fighter or police officer be restored to his prior position with backpay. TEX. LOC. GOV'T CODE ANN. § 143.118(b). The hearing examiner stated that he was denying Clark's grievance but granting Clark's motion to dismiss asserting that his suspension was invalid but Acting Fire Chief Connealy lacked the authority to suspend Clark. In reviewing his decision, the hearing examiner concluded that, although Clark engaged in conduct that would justify the suspension given, Clark's suspension should be reversed because the Acting Fire Chief had no authority to suspend Clark. Accordingly, the hearing examiner reversed Clark's suspension and ordered Clark reinstated with backpay. The hearing examiner's determinations and rulings, as set forth in the award, were not made without jurisdiction or in excess of jurisdiction. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.1016(f), 143.118; *Williams*, 99 S.W.3d at 717; *Lindsey*, 980 S.W.2d at 236–37. The district court did not err in rejecting the City's appeal. Accordingly, we overrule the City's issues to the extent the City challenges the district court's rejection of the City's appeal, and we affirm the district court's ruling in this regard.

EDELMAN, S.J., concurring.

## SUBSTITUTE CONCURRING OPINION

RICHARD H. EDELMAN, Senior Justice.

The Concurring Opinion issued in this case on March 18, 2008 is withdrawn and

the following substitute Concurring Opinion is issued in its place.

I agree with the disposition reached by the Majority Opinion, but for the reasons set forth below.

### Declaratory Judgment Claims

The Majority Opinion concludes that the trial court lacked jurisdiction over the parties' declaratory judgment claims because those claims were not within the scope of the City's right to appeal the hearing examiner's decision under section 143.1016(j). However, this overlooks the facts that: (1) as recited in the Majority opinion, the City's lawsuit in the trial court not only appealed the hearing examiner's decision, but also sought declaratory relief, *i.e.*, as a separate claim from the relief it sought in appealing the hearing examiner's decision; and (2) in addition to filing a denial of the City's action to appeal the hearing examiner's decision, Clark filed a counterclaim for declaratory relief. Therefore, the Majority's conclusion that the parties' claims for declaratory relief were not within the City's limited right of appeal does not dispose of those claims because they were asserted separately from the City's claims regarding the appeal.

As a preliminary matter, because our disposition of the declaratory judgment issues in the preceding appeal to this court was not overturned in the Supreme Court's opinion,[1] it technically remains in effect. However, because our explanation for dismissing the declaratory judgment issues in the preceding appeal relied, in part, (unnecessarily) on our holding that the City had no right to appeal, which was reversed, it would be prudent to reiterate the reasoning that leads to the same conclusion on the declaratory judgment issues based on the current circumstances.

Standing is a component of subject matter jurisdiction that cannot be waived, and may be raised for the first time on appeal by the parties or the court. *Tex. Ass'n of Bus. v. Air Control Bd.*, 852 S.W.2d 440, 443–45 (Tex.1993). Standing requires a real controversy to exist between the parties that will actually be determined by the judicial declaration sought. *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 517–18 (Tex.1995). If a live controversy ceases to exist in a case, the parties lack a legally cognizable interest in the outcome, or the court's actions cannot affect the rights of the parties, the case becomes moot. *Pinnacle Gas Treating, Inc. v. Read*, 104 S.W.3d 544, 545 (Tex.2003); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). Courts have no jurisdiction to render advisory opinions on moot controversies. *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex.2000); *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex.1999). The distinctive feature of an advisory opinion is that it decides an abstract question of law without binding the parties. *Tex. Ass'n of Bus.*, 852 S.W.2d at 444. In this context, the Declaratory Judgments Act is a procedural device for deciding cases already within a court's jurisdiction, rather than a legislative enlargement of the court's power that would permit the rendition of advisory opinions. *Id.*

In this case, because the appeal of the hearing examiner's decision will resolve the dispute between the City and Clark with regard to Clark's suspension, that dispute cannot be affected by any determination on the issues for which declaratory relief was sought in this case by either party. There is, thus, no live controversy between the City and Clark regarding his suspension outside of that appeal, and the declaratory judgment rendered by the district court in Clark's favor is purely advisory. It is for this reason, rather than

---

1. *See City of Houston v. Clark*, 197 S.W.3d 314, 324 (Tex.2006).

that relied upon in the Majority Opinion, that neither this court nor the district court has jurisdiction to decide any of the declaratory judgment claims, and those claims should be dismissed.

## Hearing Examiner's Decision

Where, as in this case, a fire fighter appeals a disciplinary decision to a hearing examiner rather than to the Fire Fighters' and Police Officers' Civil Service Commission (the "Commission"), the hearing examiner's decision is final and binding on all parties, and the fire fighter automatically waives all rights to appeal to a district court except as provided by subsection 143.1016(j) ("subsection (j)") of the Texas Local Government Code ("the code"). Tex. Loc. Gov't Code Ann. § 143.1016(c) (Vernon 2008). Under subsection (j), a district court may hear an appeal of a hearing examiner's award only on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means. *See id.* § 143.1016(j); *Clark*, 197 S.W.3d at 324 (holding that the City has a right to appeal a hearing examiner's decision,[2] but the appeal is restricted in scope by subsection (j)).

In this case, the City does not contend that the hearing examiner's award was procured by fraud, collusion, or other unlawful means, but argues that the hearing examiner's decision can be reviewed for whether the examiner was *either* without jurisdiction *or abused his authority.* However, subjection (j) does not expressly

---

**2.** There is no right to judicial review of an administrative order unless a statute explicitly provides that right or the order violates a constitutional right. *Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151 (Tex.2007). Accordingly, when an act is either silent on the question of appeal or expressly denies a right to appeal, a party may appeal only where the administrative action complained of violates a constitutional provision. *Id.* Where no constitutional violation is at issue and the question is merely whether the Legislature specifically provided for judicial review, courts look to the plain meaning of the statutory text to determine the Legislature's intent. *Id.* The words, "final and binding," when used to describe an administrative decision, preclude judicial review. *Id.*

As relevant to this case, section 143.1016(c) of the code provides that a hearing examiner's decision is "final and binding on all parties," and that a fire fighter automatically waives all rights to appeal except as provided by subsection 143.1016(j). Although no provision of the code refers to any right of appeal by a city whatever, and there was no issue as to the constitutionality of the administrative order in this case, the Court's conclusion that such a right nevertheless exists was based largely on the City's contention (raised for the first time in the Supreme Court), and the Court's concern, that construing the code to foreclose such a right of appeal would constitute an unconstitutional delegation of authority. *See Clark*, 197 S.W.3d at 317, 320. In addition, the Court noted that if the right of appeal in subsection (j) does not afford a city a meaningful review of the merits of a decision, the delegation of grievance decisions to an independent hearing examiner may itself raise constitutional problems. *Id.* at 324.

It is not apparent how this rational fits with the Court's previous decision that the Texas Constitution guarantees separation of powers only as between branches of state, not local, government. *See City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 72 (Tex.2000). Moreover, in construing the current code to provide the City this right of appeal, the opinion construed a previous version of the statute to deny a police officer or fire fighter that right, and, thus, in effect, to have the very constitutional defect that the Court was construing the current statute to avoid. *See Clark*, 197 S.W.3d at 321. Nor is it apparent how a right to judicial review can be held to exist where the statute does not explicitly provide it and no constitutional violation has been asserted or found. *See Ferrell*, 248 S.W.3d at 153.

In this case, however, because the City has not challenged the constitutionality of the scope of the right of appeal under subsection (j), we need not address it further.

contain an abuse of authority standard, and we have previously recognized that the case law is unsettled as to whether that standard applies to subsection (j), and, if so, what it means. *See Bradford v. Pappillion,* 207 S.W.3d 841, 843–45 (Tex.App.-Houston [14th Dist.] 2006, no pet.). However, in considering the scope of subsection (j), the First Court Opinion in the preceding appeal in this case stated:

> [T]he City argued in its motion for summary judgment that the hearing examiner had exceeded his authority by ruling *incorrectly* on the motion to dismiss. That is, on motion for summary judgment, the City argued that the hearing examiner made the *wrong* decision, not that he had no power *to make* that decision.
>
> Consistent with section 143.1016(j), the City may not challenge the correctness of the hearing examiner's decision. If the hearing examiner had jurisdiction to rule on the motion to dismiss, that ruling, whether right or wrong, is unassailable unless obtained by fraud or some other unlawful means. Therefore, under § 143.1016(j), the issue is not whether he ruled *correctly,* but whether he had jurisdiction to rule *at all* on the motion to dismiss.

*City of Houston v. Clark,* No. 01-01-00828-CV, 2002 WL 31771188, at \*3-4 (Tex.App.-Houston [1st Dist.] Dec. 12, 2002) (citations omitted). The Supreme Court's opinion similarly noted:

> The City claims its appeal fits within Section 143.1016(j)'s limited scope because the hearing examiner acted without or exceeded his jurisdiction by erroneously deciding that an acting fire chief

is not authorized to suspend fire department personnel.

\* \* \* \*

> The City takes a much broader view of the issues [than] the provision would allow to be raised on appeal.

*City of Houston,* 197 S.W.3d at 324.[3] Therefore, our review must be confined to the City's arguments that challenge the hearing examiner's jurisdiction to rule on the motion to dismiss at all (as contrasted from those that contend, in effect, that the hearing examiner ruled incorrectly that the acting fire chief lacked the necessary authority by misapplying applicable law).[4]

The City first challenges the hearing examiner's jurisdiction to rule on Clark's motion to dismiss on the ground that Clark waived his objection to the acting fire chief's lack of authority to suspend him by failing to include it as a basis for his appeal.[5] However, the City cites no authority providing that a fire fighter cannot add to the grounds stated in his notice of appeal, and the hearing examiner's award states:

> A Motion to Dismiss was filed on behalf of [Clark] following the hearing on the merits of the instant matter. *It was mutually agreed to by the parties that the [hearing examiner] should rule on the Motion to Dismiss, and upon the merits of the instant matter.*

(emphasis added). Therefore, the City has not demonstrated that Clark waived his objection to the acting chief's lack of authority to suspend him (and the City does not assert that the hearing examiner would lack jurisdiction over that issue for any other reason).

---

**3.** *See supra,* note 2.

**4.** We therefore do not address, expressly or impliedly, whether an acting fire chief has the authority to issue a suspension, and, as indicated in the preceding section, the trial

court's declaratory judgment pertaining to that issue is of no effect.

**5.** *See* Tex. Loc. Gov't Code § 143.010(b) (Vernon 2008) (requiring a fire fighter's appeal to include the basis for the appeal).

The City also challenges the hearing examiner's jurisdiction to rule on the motion to dismiss on the ground that it was outside the statutory scope of appeal, which was limited to deciding whether the suspension was supported by just cause, should be reduced, or should be reversed.[6] However, in support of this contention, the City states only that "The hearing examiner ... had no authority to rule on Clark's Motion to Dismiss without absolute disregard of all applicable law, specifically City Ordinance 34–55 [pertaining to the appointment and authority of an acting HFD chief] and Tex. Loc. Gov't Code, Section 34–55 [apparently an error, as no such section exists]." Therefore, the City has not demonstrated that a ruling on the motion to dismiss was outside the statutory scope of appeal.

Because the City's remaining challenges to the hearing examiner's jurisdiction to rule on the motion to dismiss are all variations of its argument that the hearing examiner misapplied the law in ruling incorrectly on that motion, we can not properly address them.

6. *See* Tex. Loc. Gov't Code § 143.016(f) (Vernon 2008) (stating that a hearing examiner has the same duties and powers as the Commission); *id.* § 143.118(a), (b) (Vernon 2008) (stating that in a fire fighter's appeal to the Commission, the Commission shall determine if just cause exists for the suspension, may order a reduction in the period of suspension, and may reverse the department head's decision and instruct the department head to immediately restore the fire fighter to his prior position and repay him any lost wages). The City does not contend that the granting of the motion to dismiss is procedurally different from the reversal of a suspension. Nor does the City contend that a suspension could not be reversed if the person imposing it lacked the authority to do so.