Affirmed and Memorandum Opinion filed August 28, 2008








Affirmed and Memorandum Opinion filed August 28, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00027-CV

_______________

 

JAMES BUGGELLI, Appellant

 

V.

 

ALAN J. FELTIS AND ROY J. CROSBY d/b/a ROYAL AERO,
Appellees

                                                                                                                                               


On Appeal from the 269th District Court

Harris County, Texas

Trial Court Cause No. 2002-06644

                                                                                                                                               


 

M E M O R A N D U M    O P I N I O N

In this
suit for damages under the Deceptive Trade Practices Act, appellant seeks
reversal of the judgment entered pursuant to a settlement agreement.  Because
appellant has waived error, we affirm.








I.  Factual and Procedural Background

Appellant
James Buggelli sued appellees Alan J. Feltis and Roy J. Crosby d/b/a Royal Aero
for claims arising from Royal Aero=s inspection, repair, and assertion
of a lien on Buggelli=s airplane.  The parties entered into a settlement agreement
on October 14, 2003 in which they agreed that the airplane would be sold to
satisfy the costs of repair and any excess sales proceeds would be divided
between Buggelli and Royal Aero.  They further agreed that A[i]f the airplane has not been sold
on or before June 15, 2004, this settlement is void.  However, the parties may
mutually agree to extend this settlement agreement one or more times.  Any
extensions are to be in writing.@          

On
December 6, 2005, the trial court notified the parties of its intent to dismiss
the case on the grounds that A[c]ourt records indicate that there has been a settlement,
verdict, or decision dispositive of the case . . . , but a
final order has not been filed.@  Although Buggelli did not timely respond, and the case was
initially dismissed,[1] Buggelli=s motion for new trial was granted
and the case was reinstated.  

Royal
Aero filed a motion for entry of judgment and set the matter for oral hearing
on October 13, 2006.  Although there is no reporter=s record in this case, the trial
court stated in its Final Judgment that the cause was heard on that date, at
which time attorneys for both parties announced that they had reached a
settlement agreement.  The terms of the agreement, which differ slightly from
the 2003 written agreement, are recited in the judgment.  According to the
terms recited in the judgment, the parties agreed that A[i]n the event the aircraft has not
been sold by April 14, 2007, the Court shall entertain a request for the
appointment of a receiver to take possession of the aircraft and dispose of
same in accordance with the terms of this order.@  








After
Buggelli unsuccessfully moved for a new trial, this appeal ensued. 

II.  Issues Presented

Buggelli
contends the trial court erred by (a) finding that the settlement agreement was
valid and rendering judgment in accordance with its terms, and (b) failing to
vacate the court=s final judgment and grant a new trial.  

III.  Analysis

In
support of the issues presented on appeal, Buggelli argues only that the
evidence is legally insufficient because the judgment rests solely on an
incompetent affidavit.  The affidavit is not described, and the basis for
Buggelli=s contention that the affidavit is
incompetent is not stated.  His brief contains no citations to the clerk=s record, and there is no reporter=s record in this case.  Moreover, he
cites no authorities and provides no analysis in support of his contention that
the affidavit is incompetent. 

An
appellant=s brief must contain a clear and concise argument for the contentions
made, with appropriate citations to authorities and to the record.  Tex. R. App. P. 38.1(h).   Failure to
adequately brief an issue, either by neglecting to specifically argue and
analyze one=s position or provide authorities and record citations constitutes
waiver  of any error on appeal.  City of Houston v. Clark, 252 S.W.3d
561, 567 (Tex. App.CHouston [14th Dist.] 2008, no pet.).  Although we apply
briefing rules liberally, this appeal presents no evidence or authority for
review.   Because Buggelli fails to identify the affidavit at issue, explain
his contentions, or support his arguments with legal authority in his brief,
the issues presented are waived.  See id. (holding that appellant waived
issue by failing to present supporting arguments, analysis, and authority).








IV.  Conclusion

Having determined that Buggelli=s issues are waived, we affirm the
trial court=s judgment.

 

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum
Opinion filed August 28, 2008.

Panel consists of Justices Frost,
Seymore, and Guzman. 

 

 









[1]  Although the order of dismissal is not in the
record, the clerk=s record demonstrates that the case was reinstated.