

NUMBER 13-07-00319-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**CITY OF WESLACO, TEXAS,**                                                    **Appellant,**

**v.**

**CLAUDIO LUCIO,**                                                            **Appellee.**

---

**On appeal from the 139th District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Rodriguez**

This is an appeal of a summary judgment. Appellant, the City of Weslaco, Texas (the City), filed a declaratory judgment action against appellee, Claudio Lucio, a firefighter. The City asked the trial court to declare that the hearing examiner exceeded his jurisdiction in a disciplinary action taken against Lucio. *See* TEX. GOV'T CODE ANN. § 143.057 (Vernon 2008). Upholding the jurisdiction of the hearing examiner to hear the appeal of Lucio's

suspension, the trial court denied the City's motion for summary judgment and granted Lucio's motion for summary judgment. By a single issue, the City contends the trial court erred in denying its motion for summary judgment. We affirm.

## I. Standard of Review and Applicable Law

The proper standard of review is de novo because all of the issues to be resolved in this case are questions of law. We will uphold a traditional summary judgment only if the summary judgment record establishes the absence of a genuine issue of material fact and that the movant is entitled to judgment as a matter of law on a ground set forth in the motion. TEX. R. APP. P. 166a(c); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (concluding that a summary judgment is reviewed de novo). The district court denied the City's motion and granted Lucio's motion for summary judgment on the basis of jurisdiction. *Hoff v. Nueces County*, 153 S.W.3d 45, 48 (Tex. 2004) (per curiam) (providing that the determination of jurisdiction is a question of law reviewed de novo); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) (same). When both parties file motions for summary judgment and one is granted and one is overruled, we consider the summary judgment evidence presented by both sides and determine all questions presented. *Valence Operating Co.*, 164 S.W.3d at 661.

The trial court must enforce the hearing examiner's award unless the City, in this case, shows he exceeded his jurisdiction. *See* TEX. LOCAL GOV'T CODE ANN. § 143.057(j). The standard to judge whether a hearing examiner was without jurisdiction or exceeded his jurisdiction "has been interpreted as an 'abuse of authority' standard." *City of Laredo v. Leal*, 161 S.W.3d 558, 562-63 (Tex. App.–San Antonio 2004, pet. denied); *Nuchia v. Tipy*, 973 S.W.2d 782, 786 (Tex. App.–Tyler 1998, no pet.). An abuse of authority occurs when a decision is so arbitrary and unreasonable that it amounts to a clear and prejudicial

2

error of law. *City of Carrollton Civil Serv. Comm'n v. Peters*, 843 S.W.2d 186, 188 (Tex. App.–Dallas 1992, writ denied). A hearing examiner's decision is reviewed "only for reasonableness, not correctness." *See Bradford v. Pappillion*, 207 S.W.3d 841, 845 (Tex. App.–Houston [14th Dist.] 2006, no pet.).

## II. Background[1]

On June 25, 2002, Lucio was notified that he was indefinitely suspended as a firefighter. This disciplinary letter informed Lucio that he had the right to appeal this disciplinary action by "requesting, in writing, a hearing before the City's Civil Service Commission, or at [his] option, a hearing before an independent third party hearing examiner." In response, Lucio submitted a letter to the president of the City's Fire Fighters Association, International Association of Firefighters, Local Union No. 3207 (the Union) contesting the discharge; the letter was forwarded to the Union's grievance committee. Lucio was informed by the committee that his complaint was denied because his letter was not submitted in the form set out in the collective bargaining agreement (CBA). The Union's response expressly stated that because Lucio's "letter was not submitted on the form agreed to by the parties," it was "considered a complaint and not a grievance." The committee did not address the merits of Lucio's complaint.

On July 3, 2002, Lucio filed notice of his appeal of the disciplinary action with the City's Director of the Civil Service Commission. The notice stated that Lucio was making a written request for a hearing before an independent third-party hearing examiner under chapter 143 of the government code. *See* TEX. GOV'T CODE ANN. § 143.057. On July 29,

---

[1]As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

3

2002, in accordance with Lucio's request, the Civil Service Director wrote the American Arbitration Association (AAA) stating that Lucio had chosen "to appeal a disciplinary action and elected for his appeal to be heard by an impartial hearing examiner as per Chapter 143.057 of the Texas Local Government Code." A copy of this letter was forwarded to the City's counsel of record.

The parties mutually selected a hearing examiner to hear the dispute concerning the legitimacy of Lucio's suspension. After denying the City's motion regarding the examiner's lack of jurisdiction to hear the appeal, the hearing examiner proceeded with a full evidentiary hearing. On January 12, 2004, after concluding he had jurisdiction, the hearing examiner found that Lucio had worked for his trucking business during hours that he was being paid to work for the City and should be punished. Finding that indefinite suspension was not a reasonable discipline for the offense, the hearing examiner found Lucio should be reinstated at the rank of firefighter.

After the hearing examiner issued his opinion, the City filed suit in district court contending that the CBA precluded appeal of this disciplinary action to a hearing examiner. Each party filed a motion for summary judgment on jurisdiction issues. The district court denied the City's motion and granted Lucio's motion. This appeal ensued.

### III. Analysis

By its sole issue, the City contends that the trial court erred in denying its motion for summary judgment because the hearing examiner lacked subject-matter jurisdiction over Lucio's appeal. It asserts that Lucio waived his right to appeal to a hearing examiner by electing to file a disciplinary grievance with the Union Grievance Committee pursuant to article 19 of the CBA to the exclusion of his statutory rights under chapter 143 of the government code. *See* TEX. LOCAL GOV'T CODE ANN. § 143.057(j). The City argues that,

4

because the hearing examiner had no jurisdiction to hear the case, the trial court should have granted the City's summary judgment and overturned Lucio's award. Lucio responds that the hearing examiner's finding of jurisdiction was reasonable and did not present a clear and prejudicial error of law; therefore, the trial court correctly concluded the hearing examiner had jurisdiction of Lucio's appeal and did not err in granting his motion for summary judgment. *See Bradford*, 207 S.W.3d at 845; *Peters*, 843 S.W.2d at 188. We agree.

The Union concluded Lucio's submission was "not a grievance." The Union classified it as a "complaint." The Union rejected Lucio's letter based on its form, not on its merits. The letter was not acted upon as a grievance. The Union did not investigate or review Lucio's submission on its merits. The Union did not determine whether or not a grievance existed. Thus, the record establishes that there was no grievance presented or considered. We cannot conclude, therefore, that Lucio appealed his suspension through the contract grievance procedure.

The City also argues that Lucio misinterpreted and misstated the CBA. The City claims that Lucio's actions, not the Union's actions, determine whether he has elected his remedies and waived further proceedings. Section 19.02 of the CBA provides:

> It is specifically and expressly understood that filing a grievance under this article that has as its last step final and binding arbitration, constitutes an election of remedies and waiver of any and all rights by both parties. . . .

The City argues that the filing of the grievance is the act of election. However, again, by its own determination, Lucio did not file a grievance. We are not persuaded by this argument.

Finally, the City asserts that Lucio's position regarding the filing of a grievance is not supported because he ignores the fact that the CBA defines a grievance as "any dispute,

5

claim or complaint involving . . . discipline, discharge or demotion." Section 19.01 of the CBA does provide this definition. However, the City, itself, ignored the fact that the CBA defines "grievance" as a "complaint" when it notified Lucio that it considered his letter a complaint, not a grievance. Thus, we find this argument unpersuasive.

Based on the above, we conclude that the hearing examiner's finding of jurisdiction was reasonable; it was not arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *See Peters*, 843 S.W.2d at 188. The City did not show that the hearing examiner was without jurisdiction or that he exceeded his jurisdiction. *See* TEX. LOCAL GOV'T CODE ANN. § 143.057(j). Thus, the trial court did not err in determining the hearing examiner had jurisdiction of Lucio's appeal, and it did not err in denying the City's motion for summary judgment and in granting Lucio's motion for summary judgment.

## IV. Conclusion

Accordingly, we affirm the judgment of the trial court.


NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 22nd day of December, 2008.