

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-11-00900-CV

Gary **BIESENBACH**,
Appellant

v.

**THE CITY OF SAN ANTONIO**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-13675
Honorable Victor Negron, Judge Presiding

Opinion by:　Karen Angelini, Justice

Sitting:　　Karen Angelini, Justice
　　　　　　Patricia O. Alvarez, Justice
　　　　　　Luz Elena D. Chapa, Justice

Delivered and Filed:　July 17, 2013

REVERSED AND DISMISSED

This appeal involves actions taken with regard to a notice of indefinite suspension issued to Firefighter Gary Biesenbach. After an independent hearing examiner ordered Biesenbach to be reinstated with back pay, the City of San Antonio filed the underlying cause in district court asserting the "hearing examiner" was an arbitrator, and the arbitrator exceeded his jurisdiction in issuing his decision. The trial court agreed with the City and remanded the matter for additional arbitration limited to a specific issue. In this appeal, Biesenbach challenges the trial court's judgment on numerous grounds.

**BACKGROUND**

On May 16, 2007, Biesenbach was issued eleven notices of proposed suspension by Fire Chief Charles N. Hood for violations of civil service rules of the San Antonio Fire Department. Six of the notices were for indefinite suspension.[1]

After a meeting regarding the notices, Biesenbach and Chief Hood subsequently entered into a Last Chance Agreement whereby Chief Hood agreed to forgo disciplinary action in exchange for Biesenbach's agreement to various terms. Because of Biesenbach's prior attendance problems, one of the terms of the Agreement required Biesenbach to obtain prior authorization from the fire chief or a deputy fire chief before taking any leave. When Biesenbach subsequently took leave without the prior authorization required by the Agreement, Chief Hood issued a new notice of indefinite suspension. Although the Agreement stated that Biesenbach would be indefinitely suspended for failure to comply with the terms of the Agreement "without the right of appeal," the notice of indefinite suspension stated that Biesenbach had the right to appeal his suspension, and Biesenbach timely gave notice of his intent to appeal to an independent hearing examiner.

The hearing examiner issued an opinion, and his title of "hearing examiner" appears after his signature. Although Chief Hood's notice of indefinite suspension cited the Fire Department's rules 6.04 and 6.09, the hearing examiner noted that the City did not contend that these rules served as an independent basis for the indefinite suspension. Instead, the City's brief stated that the notice was issued because Biesenbach violated the Agreement. Biesenbach argued that the Agreement was invalid and unenforceable, while the City argued that the Agreement was valid and binding. The hearing examiner concluded that the Agreement was precluded by a Collective Bargaining Agreement in which the City recognized the International Association of Fire Fighters, Local 624

---

[1] "An indefinite suspension is equivalent to dismissal from the department." TEX. LOC. GOV'T CODE ANN. § 143.052(b) (West 2008).

as the exclusive bargaining agent for all San Antonio firefighters.[2] The hearing examiner noted that the Agreement would have been valid and enforceable if it had been signed by the Association. Accordingly, the hearing examiner did not sustain the charge in the notice of indefinite suspension and awarded reinstatement and back pay as a remedy. The hearing examiner's opinion further stated that the parties agreed at the hearing that the hearing examiner would retain jurisdiction over: (1) the issue of back pay in the event the parties could not agree on the amount; and (2) the issue of attorney's fees.

The City filed a petition in the trial court. In its petition, the City alleged that Biesenbach did not have the right to appeal his indefinite suspension to a hearing examiner. Instead, the City asserted that it agreed to arbitrate only the issue of whether Biesenbach violated the terms of the Agreement. The City further contended that the arbitrator exceeded the scope of his authority in determining the Agreement was not valid or enforceable. The City also sought declaratory relief that the Agreement was valid and enforceable.

After a bench trial, the trial court entered a judgment concluding that the arbitrator exceeded his jurisdiction. The trial court ordered that the arbitration award issued by the arbitrator be withdrawn and remanded the matter for arbitration to determine whether the Agreement was violated by Biesenbach and to award "any applicable remedies available to the prevailing party." The judgment states, "The issue of attorney's fees for Mr. Biesenbach is left for the arbitrator to decide."

## HEARING EXAMINER V. ARBITRATOR

In arguing that Biesenbach waived his right to appeal to a hearing examiner, the City relies on the portion of the Agreement stating that Biesenbach "shall be indefinitely suspended without

---

[2] After the hearing examiner issued his opinion, this court addressed this issue in *Mata v. City of San Antonio*, No. 04-11-00311-CV, 2012 WL 1364594, at *5 (Tex. App.—San Antonio Apr. 28, 2012, pet. denied) (mem. op.).

the right of appeal" in the event he fails to comply with the terms of the Agreement. Based on its contention that Biesenbach waived the right to appeal to a hearing examiner, the City contends the person who heard the appeal was, in reality, an arbitrator, and the City agreed to arbitrate only the limited issue of whether Biesenbach violated the Agreement. By arbitrating the validity of the Agreement, the City contends that the arbitrator exceeded his authority.

The City's argument, however, appears to ignore the actions taken after Biesenbach's alleged violation of the Agreement. It is undisputed that Chief Hood issued a notice of indefinite suspension after Biesenbach allegedly violated the Agreement by taking leave without the authorization required by the Agreement. The notice contained a "NOTICE OF RIGHT OF APPEAL" wherein Biesenbach acknowledged receipt of the notice of indefinite suspension and that he had been notified that he had "ten days to file a written appeal of [the] suspension with the Fire Fighters' and Police Officers' Civil Service Commission for hearing before the Commission or an independent third party hearing examiner." Section 143.057(a) of the Texas Local Government Code mandates that this language be included in any letter of disciplinary action issued to a fire fighter. TEX. LOC. GOV'T CODE ANN. § 143.057(a) (West 2008) (providing that a letter of disciplinary action issued to a firefighter "**must** state that in an appeal of indefinite suspension … the appealing fire fighter … may elect to appeal to an independent third party hearing examiner instead of to the commission") (emphasis added). Accordingly, by issuing the notice of indefinite suspension, the City waived the provision of the Agreement that would have deprived Biesenbach of his right of appeal and invoked the statutory mandate that permitted Biesenbach to appeal to an independent hearing examiner. *See id*.

## JURISDICTION

Biesenbach asserts in his brief that the decision by the hearing examiner was not final because it did not resolve the issue of attorney's fees. Although the City does not address this

issue in its brief, the City expressly noted in its petition, "The arbitrator has retained jurisdiction of the matter to settle ongoing issues."

In order to appeal a hearing examiner's decision to district court, the decision must be a final decision. TEX. LOC. GOV'T CODE ANN. § 143.015(a) (West 2008) (noting appeal to district court requires a petition to be filed within a given deadline after the final commission decision); *see also City of Pasadena v. Smith*, 292 S.W.3d 14, 21-22 (Tex. 2009) (citing section 143.015(a) to determine deadline for filing petition to appeal hearing examiner's decision); *Collins v. Tex Mall, L.P.*, 297 S.W.3d 409, 415 (Tex. App.—Fort Worth 2009, no pet.) ("Texas law generally recognizes that an essential prerequisite to the trial court's power to review an arbitral award is that the arbitrator's decision be final, not interlocutory."). A decision or judgment which does not dispose of a claim for attorney's fees is not a final decision or judgment. *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001); *Rosedale Partners, Ltd. v. 131st Judicial Dist. Court, Bexar County*, 869 S.W.2d 643, 649 (Tex. App.—San Antonio 1984, orig. proceeding). Because the hearing examiner retained jurisdiction over the issue of attorney's fees, his decision was interlocutory, and the trial court was without jurisdiction to consider an appeal of the decision.

## DECLARATORY JUDGMENT CLAIM

In remanding the matter to arbitrate the issue of whether Biesenbach violated the Agreement, the trial court necessarily declared the Agreement to be valid and enforceable, which is contrary to the decision reached by the hearing examiner. In his brief, Biesenbach asserts that the trial court was without jurisdiction to consider the City's declaratory judgment claim because the only relief the City could seek was the limited appeal under section 143.057(j).

"The hearing examiner's decision is final and binding on all parties." TEX. LOC. GOV'T CODE ANN. § 143.057(c) (West 2008). Section 143.057(j) limits the grounds on which a district court may hear an appeal of a hearing examiner's award. *Id*. at § 143.057(j). Although the City

is permitted to appeal the award, the City's appeal is similarly constrained to the limited grounds. *See City of Waco v. Kelley*, 197 S.W.3d 324, 325 (Tex. 2006); *City of Houston v. Clark*, 197 S.W.3d 314, 324 (Tex. 2006). Under section 143.057(j), the only grounds the trial court can consider are: (1) whether the hearing examiner was without jurisdiction or exceeded his jurisdiction; or (2) whether the order was procured by fraud, collusion, or other unlawful means. TEX. LOC. GOV'T CODE ANN. § 143.057(j) (West 2008). "[A] hearing examiner exceeds his jurisdiction when his acts are not authorized by the [Fire Fighters and Police Officers Civil Service] Act or are contrary to it, or when they invade the policy-setting realm protected by the nondelegation doctrine." *City of Pasadena*, 292 S.W.3d at 21. "[A]sserting that a decision made by a hearing examiner is incorrect is not the same as asserting that the examiner did not have jurisdiction." *Id.*

"A declaratory judgment action cannot create jurisdiction but is merely a procedural device for deciding cases already within a court's jurisdiction." *City of Houston v. Williams*, 99 S.W.3d 709, 713 (Tex. App.—Houston [14th Dist.] 2003, no pet.). "Indeed, a suit for declaratory judgment does not allow a district court to review an agency action not otherwise reviewable." *Id.*; *see also City of Houston v. Clark*, 252 S.W.3d 561, 565 & n.3 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (noting requested declaration could address only whether hearing examiner exceeded jurisdiction not the merits of the hearing examiner's decision). The City appears to be arguing that the trial court had jurisdiction to grant the declaratory relief because the enforceability of the Agreement was not an issue the hearing examiner had jurisdiction to determine. However, because the hearing examiner's decision was not final, the trial court was without jurisdiction to consider whether the hearing examiner's decision exceeded his jurisdiction. "A trial court has jurisdiction to make a declaration regarding whether a hearing examiner exceeded his jurisdiction when the court also has jurisdiction under section" 143.057(j). *City of Houston v. Proler*, 373 S.W.3d 748,

767 n. 18 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Because the hearing examiner's decision was not a final decision, the trial court did not have jurisdiction to consider the hearing examiner's decision or the City's declaratory relief claim that the hearing examiner exceeded his jurisdiction in determining the validity of the Agreement.

## CONCLUSION

Because the decision issued by the hearing examiner was not a final decision, the trial court did not have jurisdiction to review the decision or to make a declaration regarding whether the hearing examiner exceeded his jurisdiction. Accordingly, the trial court's judgment is reversed, and the underlying cause is dismissed without prejudice to the parties' right to appeal under section 143.057(j) when the hearing examiner's decision becomes final.

Karen Angelini, Justice