CITY OF HOUSTON, Appellant,

v.

Steve WILLIAMS, Appellee.

No. 14–02–00695–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 6, 2003.

Carole Snyder, Timothy J. Higley, Houston, for appellants.

E. Troy Blakeney, Richard Charles Mumey, Houston, for appellees.

Panel consists of Justices EDELMAN, SEYMORE, and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

The City of Houston appeals from the trial court's denial of its plea to the jurisdiction. Appellee, Steve Williams, sued the City seeking a declaratory judgment the City violated statutory provisions in its disciplinary letter and thus his suspension is void. In its plea to the jurisdiction, the City argued that Williams failed to pursue his administrative remedies, the exhaustion of which is a prerequisite to filing suit. We reverse and render.

### FACTUAL BACKGROUND

In the fall of 2001, a dispute developed within the City of Houston Fire Department regarding the number of firefighters to be assigned to certain types of fire trucks. The Fire Chief, Christopher Connealy, authorized the operation of such vehicles with only three firefighters, while the union, led by Captain Steve Williams, president of the Houston Professional

Firefighters Association, advocated the assignment of four firefighters to each unit.

In October of 2001, Houston Mayor Lee Brown held a press conference where he discussed unit staffing levels. During the event, Michael Hermann, a member of the Chief's staff, spoke favorably of both the Mayor and the Chief. Attending the event while in uniform and on duty, Williams reportedly interjected with an inappropriate remark questioning Herman's praise of city officials. Thereafter, Williams received a letter of temporary suspension, signed by Chief Connealy and dated April 15, 2002. Among other matters, the letter stated that Williams's comment violated Rule 8.06 of the Fire Department's Administrative Rules and Regulations, which states:

> Members shall treat other members of the department with the respect and response due them as fellow members. They shall be courteous, civil and respectful of their superior officers and associates, and shall not use threatening or insulting language.

The letter also stated: "Captain Williams has accepted responsibility for his actions and has agreed to the temporary suspension with the waiver of any right to appeal said disciplinary action." Williams challenges the veracity of this statement and maintains that he never agreed to the suspension and did not waive his right to appeal. Attached to the letter was a "Receipt of Letter of Temporary Suspension," which explained rights and procedures for appealing the disciplinary action.

On April 26, 2002, Williams filed an appeal of his suspension to an independent hearings examiner. On May 2, 2002, he instituted the present lawsuit under the Declaratory Judgments Act, seeking a declaration that: (1) the City violated the letter and spirit of Local Government Code Chapter 143 (governing municipal civil servants) by submitting documents containing false statements regarding his right to appeal; and thus, (2) the suspension is void because it violates Chapter 143. The City filed a plea to the jurisdiction, the denial of which the City appeals.

## POINTS OF ERROR

In two points of error, the City argues that: (1) the district court improperly denied the plea to the jurisdiction because Williams is attempting to judicially bypass the requirement to exhaust available administrative remedies prior to bringing suit; and (2) having submitted his suspension to a hearing examiner whose decision is binding upon all parties, Williams is not entitled to utilize statutory law to escape a potential adverse decision of the hearing examiner. For the sake of clarity, we discuss the second point of error first.

## STANDARD OF REVIEW

Appellate courts review a trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). The plaintiff bears the burden of alleging facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *Id.*

## JURISDICTION OF THE DECLARATORY JUDGMENT ACTION

In its second point of error, the City maintains the trial court improperly denied the City's plea to the jurisdiction because Williams is attempting to simultaneously avail himself of and collaterally attack the jurisdiction of the hearing examiner. In framing the issue in this manner, the City essentially challenges the

propriety of a suit for declaratory judgment under the facts of this case. However, Williams argues that when a municipality has failed to comply with the statutory framework a suspended public employee may proceed directly to district court and thereby pursue both a suit for declaratory judgment and a disciplinary appeal through a hearing examiner.

■ The Texas Legislature has set forth a statutory framework governing the rights and responsibilities of municipal officers seeking to challenge disciplinary suspensions. *See* TEX. LOCAL GOV'T CODE ANN. § 143.101–143.363. Chapter 143 of the Local Government Code was enacted to create a fair, consistent, and orderly process for handling grievances by career firefighters and policemen. *City of Houston v. Jackson,* 42 S.W.3d 316, 322 (Tex.App.-Houston [14th Dist.] 2001, pet. dism'd w.o.j.); *see also* TEX. LOCAL GOV'T CODE ANN. § 143.001 ("The purpose of this chapter is to secure efficient fire and police departments composed of capable personnel who are free from political influence and who have permanent employment tenure as public servants.") Under this scheme, an officer may appeal his suspension either to the civil service commission or to an independent third-party hearing examiner. TEX. LOCAL GOV'T CODE ANN. § 143.1016(a); *Moran v. City of Houston,* 58 S.W.3d 159, 161 (Tex.App.-Houston [14th Dist.] 2001, no pet.).

Williams exercised his right to appeal by filing with the Police Officers' and Firefighters' Civil Service Commission his request for an independent hearing examiner. An officer who elects to submit his suspension to a hearing examiner waives his right to appeal to the district court except where: (1) the hearing examiner was without jurisdiction; (2) the hearing examiner exceeded his jurisdiction; or (3) the order was procured by fraud, collusion, or other unlawful means. TEX. LOC. GOV'T

CODE ANN. § 143.1016(j). Thus, Williams has forfeited his right to appeal to the district court except on the grounds specifically designated by the statute.

■ Six days after filing his appeal, Williams filed suit seeking a declaratory judgment that the City had violated statutory law by giving him a disciplinary letter with patently false statements. A declaratory judgment action cannot create jurisdiction but is merely a procedural device for deciding cases already within a court's jurisdiction. *See Chenault v. Phillips,* 914 S.W.2d 140, 141 (Tex.1996); *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 444 (Tex.1993). Indeed, a suit for declaratory judgment does not allow a district court to review an agency action not otherwise reviewable. *See Texas Comm'n of Licensing & Regulation v. Model Search Am., Inc.,* 953 S.W.2d 289, 291 (Tex.App.-Austin 1997, no writ). Under the facts of the present case, the district court would only acquire jurisdiction to review the award of the independent hearing examiner if the examiner was without jurisdiction or exceeded his jurisdiction in the making of the award. TEX. LOC. GOV'T CODE ANN. § 143.1016(j). If the district court does not acquire jurisdiction to determine the hearing examiner's jurisdiction until after the rendition of an award, it follows that it may not entertain a suit seeking a declaration that the hearing examiner is without jurisdiction until after the making of the award.

Nevertheless, Williams invokes our holding in *Nuchia v. Woodruff,* in which the City of Houston successfully sought a declaration that the hearing examiner's ruling surpassed the grant of jurisdiction afforded to him by the statute. 956 S.W.2d 612, 615–16 (Tex.App.-Houston [14th Dist.] 1997, pet denied). However, in that case, the hearing examiner had already conducted a hearing and determined that the officer should be demoted for a period of one

month, after which he would resume his prior status as Sergeant. *See id.* at 615. The police chief disputed the hearing examiner's authority under the statute to do anything other than grant or deny his recommended demotion. *Id.* The City directly appealed the hearing examiner's award and alternatively requested a declaratory judgment that the hearing examiner had exceeded his jurisdiction. *Id.* Addressing only the City's claims under the Declaratory Judgment Act, we found the City did have a right to judicial review under the Act to determine if the hearing examiner in fact exceeded his authority. *Id; see also City of Houston v. Clark,* No. 01–01–00828–CV, 2002 WL 31771188, at *1 n. 1 (Tex.App.-Houston [1st Dist.] Dec. 12, 2002, no pet. h.) (not designated for publication) (finding the use of declaratory judgment appropriate to determine in City's direct appeal whether hearing examiner exceeded his jurisdiction after examiner conducted hearing and ruled on the merits). In the case at bar, however, the hearing examiner has yet to make a determination or even hold a hearing on the matter. *Compare Henderson v. Office of Thrift Supervision, Dep't. of Treasury,* 135 F.3d 356, 360 (5th Cir.1998) (noting that petitioner's claims were not ripe for judicial review partly because the administrative hearing had not yet occurred). To permit the use of a declaratory judgment before a hearing examiner's decision would be to prematurely intervene in a pending administrative proceeding. *Cf. Turner v. Bennett,* 108 S.W.2d 967, 971 (Tex.Civ. App.-Beaumont 1937, no writ) ("Manifestly there is a vast difference in a court reviewing a final order of an administrative board and in prohibiting such board from making any order or from prosecuting an inquiry to ascertain whether any order will be

necessary.") The City's second issue is sustained.

## EXHAUSTION OF REMEDIES

 In its first point of error, the City argues that having submitted his suspension to a hearing examiner whose decision is binding upon all parties, Williams is not entitled to utilize the Local Government Code to escape a potential adverse decision of the hearing examiner by forum shopping. In making this argument, the City relies upon the rule that a party must exhaust his administrative remedies before seeking judicial review of agency action. *See Firefighters' & Police Officers' Civil Serv. Comm'n v. Herrera,* 981 S.W.2d 728, 732 (Tex.App.-Houston [1st Dist.] 1998, pet. denied); *Texas Air Control Bd. v. Travis County,* 502 S.W.2d 213, 215 (Tex. Civ.App.-Austin 1973, no writ) (describing the doctrine as "the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted" (quoting *Myers v. Bethlehem Corp.,* 303 U.S. 41, 49, 58 S.Ct. 459, 82 L.Ed. 638 (1938))). Thus, we must decide whether Williams has exhausted his administrative remedies, and if he has not, whether any exceptions to the doctrine apply to bestow jurisdiction upon the trial court.

When the legislature has provided a method of administrative review, as it has under Chapter 143, a complainant must exhaust administrative remedies before filing suit. *Herrera,* 981 S.W.2d at 732. Appellee cites to no authority which would permit a suspended officer to seek declaratory relief before the hearing examiner has conducted a hearing or issued a ruling or award.[1] Under the facts of this case, we

---

1. Williams relies principally upon *Bichsel v. Carver,* 159 Tex. 393, 321 S.W.2d 284, 287 (1959) and *City of Carrollton v. Popescu,* 806 S.W.2d 268, 273 (Tex.App.-Dallas 1991, no writ), both of which dealt with suspended officers seeking writs of mandamus and not declaratory relief. In both cases, the sus-

find Williams cannot have exhausted his administrative remedies because the hearing examiner whose review he sought had not yet held a hearing or acted in any respect on the disciplinary suspension in question.

■ Having found that Williams has not exhausted his remedies, we turn to the question of whether any exceptions to the doctrine are applicable under the facts of this case. These exceptions allow immediate access to Texas courts when: (1) the exhaustion of remedies will cause irreparable injury or administrative remedies are inadequate; (2) an administrative agency acts without authority; or (3) the litigant raises a constitutional claim. *See Jackson v. Houston Indep. Sch. Dist.*, 994 S.W.2d 396, 401 (Tex.App.-Houston [14th Dist.] 1999, no pet.); Kenneth Culp Davis, *Administrative Law Doctrines of Exhaustion of Remedies, Ripeness, and Primary Jurisdiction: 1*, 28 TEX. L.REV. 168, 174 (1949)

("Separation of [the exhaustion doctrine exceptions] for the purposes of discussion is of course somewhat artificial, for each usually occurs in combination with one or both of the other factors and with any or all or none of the reasons for applying the exhaustion requirement.") [2]

## IRREPARABLE INJURY/INADEQUATE REMEDIES EXCEPTION

■ First, Williams argues that he need not exhaust his administrative remedies because to do so would cause irreparable injury or because his administrative remedies are inadequate. He contends that if the hearing examiner was properly within his jurisdiction to rule that he did not have jurisdiction because the City failed to comply with statutory prerequisites, the merits of his appeal would never be reached. Were the hearing examiner to make such a determination, Williams

---

pended officers proceeded through far more of the administrative process than has Williams. In *Bichsel,* the suspended officer, after being served with charges alleging violation of department rules, appealed to the Civil Service Commission on legal sufficiency grounds. 321 S.W.2d at 285. The Commission conducted a hearing at which the City conceded that the charges were legally insufficient and requested permission to withdraw them. *Id.* The next day, the City re-suspended the officer and served him with a second set of charges alleging virtually the same facts stemming from the same incident. *Id.* Prior to the second Commission hearing, the suspended officer sought from the district court both an injunction to restrain the Commission from holding the second hearing and a mandamus to compel his reinstatement. *Id.* Though an argument can be made that *Carver* stands for the proposition that a suspended officer may seek equitable relief prior to the hearing of the commission or an examiner, we find that case distinguishable from the case at bar because that officer had already been through one hearing at which the City refused to proceed with substantially similar charges. *Id.; see also Bichsel v. Carver,* 312

S.W.2d 688, 690 (Tex.Civ.App.-San Antonio 1958), *aff'd,* 159 Tex. 393, 321 S.W.2d 284 (1959) ("[T]he purpose [of the act] would be wholly defeated by an interpretation which permits a series of improper suspensions, faulty charges, successive appeals, dismissals or withdrawals and reinstatements, until a valid charge is ultimately stated.")

In *Popescu,* the officer was indefinitely suspended by the police department. 806 S.W.2d at 270. After the hearing examiner upheld the indefinite suspension, the officer appealed to the district court on the grounds that the hearing examiner lacked jurisdiction because a charge letter did not substantially comply with the statutory requirements. *Id.* Thus, unlike the instant case, the hearing examiner in *Popescu* conducted a hearing and issued a ruling, which the officer directly appealed. *Id.* The *Popescu* case does not stand for the proposition that an officer may file suit seeking a declaration that the suspension is void prior to any administrative hearing or ruling by the examiner. *Id.*

2. Williams does not rely on the constitutional exception to the exhaustion doctrine.

argues there would be no triggering mechanism to appeal to the district court from the examiner's finding of no jurisdiction. Tex. Loc. Gov't Code Ann. § 143.1016(j) ("A district court may hear an appeal of a hearing examiner's award only on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means.")[3] His "only option," he claims, would be to file a suit seeking a declaration that the suspension is void or that the hearing examiner incorrectly interpreted legal authorities. Thus, he claims his administrative remedies are inadequate and that to exhaust them would cause him irreparable injury.

 Though the merits might not be reached if the hearing examiner were to make such a determination, the hearing examiner cannot uphold a suspension based on defective charges. *See City of Houston Firefighters' & Police Officers' Civil Serv. Comm'n v. Morris,* 949 S.W.2d 474, 475 n. 4 (Tex.App.-Houston [14th Dist.] 1997, pet. denied). We have disagreed with the courts of appeals that have found a police or fire department must fully perform all conditions established by the civil service laws before the hearing examiner obtains jurisdiction over the subject matter of the removal of an officer. *Id.* However, our reservations do not foreclose a holding that a defective suspension may be voided by the hearing examiner *after* he has acquired jurisdiction over the

matter and determined that the City failed to comply. Thus, we cannot say that the scenario appellant predicts would cause him irreparable harm, or that it makes his remedies inadequate, particularly when what he predicts has yet to occur. *Cf. Macauley v. Waterman S.S. Corp.,* 327 U.S. 540, 545, 66 S.Ct. 712, 90 L.Ed. 839 (1946) (noting that the possibility of future events does not affect the application of the exhaustion doctrine and thus the district court had no power to determine issues that might arise because of future contingencies); *Lewis v. Reagan,* 660 F.2d 124, 127–28 (5th Cir.1981) (noting that appellant had not demonstrated irreparable injury as "[t]he existence of any harm at all is purely speculative, since any deprivation of rights will arise only at the conclusion of agency proceedings.")

### ACTING WITHOUT AUTHORITY EXCEPTION

 Williams also contends that he need not exhaust his administrative remedies as the agency acted without authority. Courts can intervene in administrative proceedings when an agency is exercising authority beyond its statutorily conferred powers. *Woodruff,* 956 S.W.2d at 616; *James v. Consol. Steel Corp.,* 195 S.W.2d 955, 960 (Tex.Civ.App.-Austin 1946, writ ref'd n.r.e.) (noting that the exhaustion doctrine "does not bar a resort to the courts, if such administrative agency or commission refuses to act, acts illegally or arbitrarily, or beyond the scope of its au-

---

3. In making this argument, Williams contends that an officer may only appeal in situations where the hearing examiner has either exceeded his jurisdiction or acted on the assumption of jurisdiction.where none was statutorily conferred. Thus, Williams argues, an officer could not appeal from a finding of no jurisdiction by the hearing examiner. *But see Goode v. Firefighters' & Police Officers' Civil Service Comm'n of the City of Houston,* 976 S.W.2d 822, 823 n. 1 (Tex.App.-Houston [1st Dist.] 1998, pet. denied.) (noting that he trial court had jurisdiction to determine the hearing examiner's jurisdiction under Tex. Local Gov't Code Ann. § 143.1016(j)). However, our research reveals at least one case in which a suspended officer directly appealed after the hearing examiner found that he had no jurisdiction to proceed. *City of Galveston v. Giles,* 902 S.W.2d 167, 169–70 (Tex.App.-Houston [1st Dist.] 1995, no writ).

thority.") The "outside of the agency's authority" exception is a variation of the rule that a trial court may intercede before administrative remedies are exhausted where the administrative agency lacks jurisdiction. *See Westheimer Indep. Sch. Dist. v. Brockette,* 567 S.W.2d 780, 785 (Tex.1978); *Woodruff,* 956 S.W.2d at 616 (relying in part on *Brockette,* 567 S.W.2d at 785); *cf. Sheppard v. Thomas,* No. 01–01–00822–CV, 2003 WL 203474, at *4 (Tex. App.-Houston [1st Dist.] Jan. 30, 2003, no pet. h) (noting that "a sheriff can challenge a civil service commission's ruling in district court on the basis that the commission's actions were ultra vires").[4] Thus, we must decide whether the examiner would exceed his statutory authority if he determined he has jurisdiction to review Williams's suspension.

In arguing this exception, Williams invokes a line of cases holding that the municipality must fully perform all of the conditions established by the civil service laws before the hearing examiner obtains jurisdiction over the subject matter of the removal of an officer. *See, e.g., Bichsel v. Carver,* 159 Tex. 393, 321 S.W.2d 284, 287 (1959); *see also City of Houston v. Estes,* 35 Tex.Civ.App. 99, 79 S.W. 848, 850 (1904, writ ref'd) (noting that the effort to oust an officer discharged without cause by one having no authority to oust him in direct contradiction of an explicit charter provision was a "nullity"). Interpreting *Bichsel,* a number of appellate courts have

found that mandamus lies to restore to office an incumbent removed without authority. *City of Carrollton v. Popescu,* 806 S.W.2d 268, 273 (Tex.App.-Dallas 1991, no writ); *City of Plano Firefighters' & Police Officers' Civil Serv. Comm'n v. Maxam,* 685 S.W.2d 125, 128 (Tex.App.-Dallas 1985, writ ref'd n.r.e.); *City of Pasadena v. Richardson,* 523 S.W.2d 506, 508 (Tex.Civ. App.-Houston [14th Dist.] 1975, writ ref'd n.r.e.); *Crawford v. City of Houston,* 487 S.W.2d 179, 181–82 (Tex.Civ.App.-Houston [14th Dist.] 1972, writ ref'd n.r.e.).

■■■ However, the mere claim that an administrative agency acted ultra vires does not authorize litigation before administrative remedies are exhausted. *See Model Search Am., Inc.,* 953 S.W.2d at 292; *but see Nueces County v. Nueces County Civil Serv. Comm'n,* 909 S.W.2d 597, 598 (Tex.App.-Corpus Christi 1995, no writ) (interpreting provisions of the Local Government Code authorizing county governments to create civil service commissions). Hearing examiners wield the undoubted authority to interpret the relevant statutory provisions and to make a decision in that regard. *See Model Search Am., Inc.,* 953 S.W.2d at 292. Accordingly, an examiner may investigate and report on all matters relating to the enforcement and effect of the relevant chapter of the Local Government Code and any rules adopted under it, and shall determine if the code and rules are being obeyed. TEX. LOCAL GOV'T.CODE ANN 143.009(a); *Phillips*

4. *See also Texas Educ. Agency v. Cypress–Fairbanks I.S.D.,* 830 S.W.2d 88, 90 (Tex.1992); *City of Sherman v. Public Util. Comm'n,* 643 S.W.2d 681, 683 (Tex.1983); *North Alamo Water Supply Corp. v. Texas Dep't of Health* 839 S.W.2d 455, 458 (Tex.App.-Austin 1992, writ denied); *but see Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 51, 58 S.Ct. 459, 82 L.Ed. 638 (1938) (noting that the exhaustion of remedies doctrine has "been repeatedly acted on in cases where ... the contention is made that the administrative body lacked power over the subject matter."); *Turner v.*

*Bennett,* 108 S.W.2d 967, 971 (Tex.Civ.App.-Beaumont 1937, no writ) (disapproving of an equitable measure which "perpetually enjoins, not a judgment or order of the Barber Board already made, but an inquiry by the board to ascertain whether or not it will make any order affecting the appellee."); *Signal Props. v. Alexander,* No. CV–80–620–MML, 1980 WL 98398, at *20756 (C.D.Cal. Sept.16, 1980) ("The agency must be given an opportunity to determine whether it has jurisdiction.")

*v. City of Houston,* 993 S.W.2d 357, 359 (Tex.App.-Houston [14th Dist.] 1999, no pet.); *Lindsey v. Fireman's & Policeman's Civil Serv. Comm'n,* 980 S.W.2d 233, 236 (Tex.App.-Houston [14th Dist.] 1998, pet. denied). The decision of the hearing examiner is final and binding on all parties. *See* TEX. LOCAL GOV'T.CODE ANN. § 143.1016(c). Thus, under our construction of *Bischel* and its progeny, an independent hearing examiner has the authority to apply the statutory framework to a case and to decide if the fire department correctly applied the section to Williams. *See Lindsey,* 980 S.W.2d at 236. In fact, we have already interpreted *Bischel* to say not that the commission or examiner lacks jurisdiction to decide whether the suspension is defective but rather that they could not uphold a suspension based on defective charges. *See Morris,* 949 S.W.2d at 475 n. 4; *City of Houston v. Meister,* 882 S.W.2d 29, 30 (Tex.App.-Houston [14th Dist.] 1994, writ denied). Thus, Williams's claims are not necessarily outside the examiner's jurisdiction, even though it is possible for the examiner to exceed his jurisdiction in acting on them. *See Texas Educ. Agency v. Cypress–Fairbanks I.S.D.,* 830 S.W.2d 88, 91 (Tex.1992).[5] Thus, we find the second exception to the exhaustion doctrine relied upon by Williams to be inapplicable under the facts of this case. Because the hearing examiner may resolve this matter without necessarily overstepping jurisdictional bounds, Williams's declaratory relief is inappropriate. *See id.* He must exhaust his administrative remedies before proceeding to the district court. *See id.*

Accordingly, we also grant the City's first issue.

## CONCLUSION

We can find no authority permitting a suspended firefighter to simultaneously avail himself of and collaterally attack the jurisdiction of the hearing examiner by means of a suit for declaratory judgment under the facts of this case. Having submitted his suspension to a hearing examiner whose pending decision is binding on all parties, Williams is not entitled to utilize a declaratory judgment action to avoid a potential adverse decision of the hearing examiner. Here, the hearing examiner has yet to make an award. We conclude that before proceeding to the district court, Williams must exhaust his administrative remedies.

We sustain the City's issues on appeal, reverse the trial court's order denying the plea to the jurisdiction, and render judgment dismissing Williams's action against the City for lack of subject matter jurisdiction.

---

5. Our holding is guided by the Local Government Code's clear directive that challenges to the hearing examiner's jurisdiction are to be made after a ruling or award. *See* TEX. LOC. GOV'T CODE ANN. § 143.1016(j) ("If the basis for the appeal of the hearing examiner's award is based on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction, the petition must be filed in district court within 10 days of the hearing examiner's decision.")