In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00543-CV

____________


DAVID KURTZEMANN, Appellant


V.


TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee






On Appeal from the County Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 912761





MEMORANDUM OPINION



 This is an appeal from the trial court's judgment dismissing appellant's suit
for judicial review relating to the suspension of appellant's driver's license after he
refused to submit a breath specimen. See Tex. Transp. Code Ann. § 724.015(2)
(Vernon Supp. 2008). The Texas Department of Public Safety ("DPS") contends
the trial court had no subject-matter jurisdiction to consider the case because
appellant never obtained a ruling by an administrative law judge ("ALJ");
therefore, the trial court properly dismissed the case. We agree. Accordingly, we
affirm.

BACKGROUND

 The following timeline is relevant to the disposition of this case:

April 25, 2006 Appellant was arrested for driving while intoxicated. 
After he refused to provide a breath specimen, his
driver's license was suspended. 


April 18, 2007 Appellant wrote a letter to DPS inquiring about the status
of his driver's license.


July 9, 2007 The Department responded on July 9, 2007, stating that
appellant's license was suspended and that appellant was
served notice of the suspension on the night of his arrest. 


August 31, 2007 Appellant, by letter, requested an administrative hearing
with the Department to contest the suspension. 


October 11, 2007 A supervising attorney at the Department responded by
letter dated October 11, 2007 that the Department had no
jurisdiction to grant him a hearing because he did not
request a hearing within 15 days of receiving notice of
the suspension. See Tex. Transp. Code Ann. §§
724.041, 724.044 (Vernon 1999, Supp. 2008). 


February 4, 2008 Appellant filed a pro se suit in the trial court on February
4, 2008, to appeal the suspension of his driver license


SUBJECT-MATTER JURISDICTION

 DPS contends that the trial court properly dismissed appellant's suit for
judicial review because there was no ruling by an ALJ from which to appeal. 
Although DPS did not raise this before the trial court, subject matter jurisdiction
challenges cannot be waived and may be raised for the first time on appeal. Waco
Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849, 850 (Tex. 2000); Tex. Assoc. of
Business v. Tex. Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993). 

 Regarding the procedure required to receive an administrative hearing
challenging a driver license, section 724.044 of the Transportation Code states: "A
person waives the right to a hearing under this subchapter and the department's
suspension or denial is final and may not be appealed if the person . . . fails to
request a hearing under Section 724.041." Tex. Transp. Code Ann. § 724.044
(Vernon 2007). Section 724.041 states that a person must request a hearing not
later than the 15th day after the date on which the person received notice of
suspension. See Tex. Transp. Code Ann. § 724.041 (Vernon 2007). Further, a
person desiring to appeal a driver's license suspension to a county court must
appeal from a hearing that resulted in an administrative law judge's decision. See
Tex. Transp. Code Ann. § 524.041 (Vernon 2007). 

 Appellant contends and filed an affidavit to the effect that he did not receive
notice of the suspension until July 9, 2007, the date of the Department's reply
letter. However, regardless of whether appellant received notice of the suspension
on April 25, 2006, when he was arrested, or July 9, 2007, when DPS responded to
an inquiry about the status of appellant's driver's license, the fact remains that
appellant did not request a hearing until August 31, 2007, which is not within the
15 days required by Section 724.041. Because appellant did not timely request a
hearing after receiving notice that his license had been suspended, there is no final
administrative law judge's decision or even an administrative hearing to appeal
from as required by Section 524.041. Therefore, appellant waived his right to a
hearing and his right to appeal the suspension of his driver's license. See Tex.
Transp. Code Ann. §§ 724.041, 724.044. Because appellant did not exhaust his
administrative remedies by first obtaining an adverse ruling by an ALJ, the trial
court never acquired subject-matter jurisdiction over the case. See City of Houston
v. Williams, 99 S.W.3d 709, 714 (Tex. App.--Houston [14th Dist.] 2003, no pet.). 
As such, the trial court did not err by dismissing (1) the case.

 






CONCLUSION

 We affirm the judgment of the trial court. We also overrule all pending
motions.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Sharp and Taft. (2)


1. We note that the judgment indicates that the trial court dismissed the case for
want of prosecution, not want of jurisdiction. Error, if any, in providing the
wrong grounds for dismissal, is harmless. See Tex. R. App. P. 44.1(a)(1)
(stating that no judgment in civil case should be reversed unless error
complained of "probably caused the rendition of an improper judgment.").
2. Justice Tim Taft, who retired from the First Court of Appeals on June 1, 2009,
continues to sit by assignment for the disposition of this case, which was
submitted on June 30, 2009.