Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-11-00371-CV

**CITY OF LAREDO**, Cesar R. Garza, in his official capacity as Civil Service Director of the City of Laredo, and Carlos Maldonado, in his official capacity as Chief of Police of the City of Laredo,
Appellants

v.

Pedro **SARMIENTO**,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2010CVF001869-D1
Honorable Jose A. Lopez, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
              Phylis J. Speedlin, Justice
              Marialyn Barnard, Justice

Delivered and Filed:   November 23, 2011

AFFIRMED

The City of Laredo; Cesar R. Garza, in his capacity as Civil Service Director of the City of Laredo; and Carlos R. Maldonado, in his capacity as Chief of Police (collectively "the City") appeal the trial court's denial of their plea to the jurisdiction. We affirm.

**BACKGROUND**

Appellee Pedro Sarmiento is a member of the Laredo Police Officers Association ("LPOA"). The LPOA represents member police officers of the Laredo Police Department and is a signatory to the Collective Bargaining Agreement ("CBA") between the City and the LPOA. On April 9, 2009, pursuant to the CBA, Police Chief Maldonado presented the LPOA with a modification-reorganizational chart, which allegedly created two new captain positions. Further, because of a promotion of one captain to Assistant Chief, one of the original captain positions needed to be filled. Thus, Appellee Sarmiento, who has worked for the Laredo Police Department for twenty-five years, took a captain's promotional exam on August 6, 2009, in which he placed second according to the eligibility list. The top candidate was promoted to the vacancy created by the promotion of a captain to the position of Assistant Chief of Police. On October 4, 2010, the Laredo City Council indicated that it would fund the two new captain positions. When Chief Maldonado refused to fill the positions, Sarmiento, who was now at the top of the eligibility list, filed a grievance pursuant to the CBA. In his grievance, Sarmiento alleged that he was not promoted because Chief Maldonado did not wish to promote from the eligibility list. According to Sarmiento, Chief Maldonado was waiting for the eligibility list to expire so that he could hold a new promotional examination and create a new eligibility list.

Under the CBA, any aggrieved member of the LPOA shall follow a five step procedure in filing a grievance:

> **Step 1:** Any aggrieved member shall submit his grievance in writing within the time limitations specified above to the Association's Grievance Committee. Within ten (10) calendar days of receipt of the grievance, the Committee shall determine if a valid grievance exists provided that the day of filing of the grievance and the day of hearing shall not be counted in computing the ten (10) calendar days. If, in the opinion of the majority of the members of the committee, no grievance exists, the Committee shall notify the member and no further action shall be taken. The Committee agrees that it will consult with representatives of CLEAT concerning the validity of grievances in making

the decision to pursue a grievance. However, nothing herein shall take away from the authority of the Committee to pursue any grievance it deems to be a violation of the contract. If the Grievance Committee fails to act by not meeting to consider the grievance, the grievant may proceed to Step 3.

**Step 2:** If, in the opinion of the majority of the members of the Committee, a grievance does exist, the committee shall, with or without the physical presences of the aggrieved member, approach the employee's immediate supervisor for an informal discussion.

**Step 3:** If the grievance has not been resolved by the employee's immediate supervisor within five (5) calendar days, the Chair Person or his designee shall, with or without the physical presence of the aggrieved member, present the grievance in writing to the Chief of Police for adjustment.

**Step 4:** If within ten (10) calendar days, the grievance has not been settled, the Chair Person or his designee shall submit it to the City Manager for adjustment.

**Step 5:** If within thirty (30) calendar days, the grievance has not been settled, the Committee shall make a written request that the grievance be submitted to arbitration.

Under the CBA, a "grievance" is defined as "any and all disputes arising from the Grievance Procedure."

This grievance procedure was followed until Step 5. Chief Maldonado, after having received Sarmiento's grievance on October 20, 2010, wrote a memo to the LPOA Grievance Committee Chair Person stating that no facts had been alleged to support a violation of the CBA. Thus, under Step 4 of the CBA, the grievance was submitted to the City Manager for adjustment. Under Step 5, the City Manager had thirty days to consider settling the grievance before the grievance would be submitted to arbitration. Accordingly, under the CBA, the City Manager had until November 29, 2010. However, also under the CBA, the eligibility list on which Sarmiento was listed as first to be promoted was set to expire on November 6, 2010.[1] As a result, on November 4, 2010, to prevent the eligibility list from expiring, Sarmiento filed a declaratory judgment action in state district court and requested injunctive relief. On November 16, 2010, the

---

[1] According to the CBA, "[e]ach promotional eligibility list remains in existence for one year after the date of final eligibility list as defined in 12.9(E) unless exhausted. At the expiration of the one year period, the eligibility list expires and a new examination may be held."

City filed a plea to the jurisdiction. On November 19, 2010, without waiving its plea to the jurisdiction, the City *agreed* to the injunctive relief requested by Sarmiento, and the trial court signed an *Agreed Order for Temporary Injunction*, which enjoined the City from removing Sarmiento's name from the eligibility list published November 6, 2009; enjoined the City from administering any promotional exam to fill the position at issue; and enjoined the City from promoting any Lieutenant to fill the position at issue. In other words, the parties to the lawsuit agreed to maintain the status quo. On April 7, 2011, pursuant to article 25.5 of the CBA, the arbitration hearing was held in Laredo, Texas. Thus, Step 5 of the grievance procedure was, in fact, ultimately satisfied.

On May 6, 2011, the arbitrator ruled in favor of Sarmiento, finding that the City had violated the CBA when Chief Maldonado failed to promote Sarmiento to Captain. After the arbitrator ruled in favor of Sarmiento, the trial court held a hearing on the City's plea to the jurisdiction. No evidence was presented at the hearing. After hearing arguments of counsel, the trial court denied the plea. The City now appeals the denial of its plea to the jurisdiction.[2]

### DISCUSSION

The City argues that the trial court erred in denying its plea to the jurisdiction. A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of the action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a trial court has subject matter jurisdiction is a question of law subject to de novo review. *Tex. Natural Res. Conservation Comm'n v. It-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

---

[2] We note that on May 16, 2011, the City filed a new case in district court, seeking appellate review of the arbitrator's award in favor of Sarmiento. Sarmiento then filed a motion to transfer that case to the district court where the instant case had been filed. On June 8, 2011, the motion to transfer was granted, and a motion to consolidate the causes is pending in the district court.

The City first argues that the trial court erred in denying its plea because "Sarmiento does not having standing since he has no right to promotion to a position that 'does not' and 'never has' existed." Whether the position exists or existed, however, is a factual determination that goes to the merits of the arbitration dispute. And, indeed, the arbitrator addressed this argument by the City and found that a new captain's position was created on May 2, 2009, when the new organizational chart went into effect. Thus, the arbitrator found that Chief Maldonado was contractually bound to have promoted Sarmiento to the position of Captain of Directive Patrol. That issue, having been determined by the arbitrator in Sarmiento's favor, will be the subject of the City's appeal of the arbitrator's decision.

The City next argues that Sarmiento lacked standing to file his lawsuit because he failed to exhaust administrative remedies. Further, the City argues that because Sarmiento did not exhaust his administrative remedies, there has been no waiver of governmental immunity. According to the City, by filing his lawsuit in district court, Sarmiento bypassed Step 5 of the grievance procedure, which gives the City Manager thirty days in which to address the grievance. Sarmiento replies that he filed his lawsuit, not in an attempt to bypass the City Manager, but in order to prevent the promotion list from expiring and thus rendering his grievance moot. We agree with Sarmiento.

The CBA provides that its grievance procedure "shall be done in accordance with the provisions set forth under Chapter 143" of the Texas Local Government Code. When the legislature has provided a method of administrative review, as it has under Chapter 143, a complainant must exhaust administrative remedies before filing suit. *City of Houston v. Williams*, 99 S.W.3d 709, 714 (Tex. App.—Houston [14th Dist.] 2003, no pet.). However, there are three exceptions to this general rule: (1) the exhaustion of remedies will cause irreparable

injury or administrative remedies are inadequate; (2) an administrative agency acts without authority; or (3) the litigant raises a constitutional claim. *Id.* at 715. Sarmiento falls within the first category: the exhaustion of remedies will cause irreparable injury or the administrative remedies were inadequate. At the time Sarmiento filed suit in district court, he was not attempting to judicially bypass his administrative remedies but was instead attempting, through injunctive relief, to *preserve* his rights under the CBA. Indeed, after the agreed temporary injunction was signed by the district court, thus preserving the status quo, the parties returned to the CBA's grievance procedure and submitted the grievance to arbitration. All grievance procedure steps were, in effect, ultimately followed. Because of the unique facts of this case, due to the timing of the grievance procedures vis-à-vis the expiration of the promotion list, we hold that the trial court did not err in denying the plea to the jurisdiction.

Karen Angelini, Justice