Court of Appeals
Fourth Court of Appeals District of Texas


# MEMORANDUM OPINION

No. 04-11-00311-CV

Jeffrey C. **MATA**,
Appellant

v.

The **CITY OF SAN ANTONIO** and San Antonio Fire Fighters' and
Police Officers' Civil Service Commission,
Appellees

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-18774
The Honorable Renée F. McElhaney, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Rebecca Simmons, Justice

Delivered and Filed:  April 18, 2012

AFFIRMED

        Appellant Jeffrey C. Mata appealed the termination of his employment with the San

Antonio Fire Department to a hearing examiner, who upheld the termination.  Mata then

appealed the hearing examiner's decision to district court, where the court denied his motion for

summary judgment and granted summary judgment in favor of appellees City of San Antonio

and San Antonio Firefighters' and Police Officers' Civil Service Commission (collectively the

City).  On appeal, Mata contends the trial court erred because the hearing examiner's decision

was capricious and not supported by substantial evidence, or alternatively, that the hearing examiner exceeded his jurisdiction. We affirm the trial court's judgment.

## BACKGROUND

On November 19, 2007, Mata, a San Antonio fire fighter, tested positive for cocaine use. The drug test was administered according to the terms of a collective bargaining agreement (CBA) between the City and the San Antonio fire fighters' bargaining agent, International Association of Firefighters, Local 624. The CBA allowed the City to randomly drug test each fire fighter once in a twelve-month period. Based on the positive results of Mata's drug test, San Antonio Fire Chief Charles Hood issued Mata a notice of proposed indefinite suspension. A meeting regarding Mata's discipline was scheduled for April 1, 2008. Local 624's Grievance Committee Chairperson Carlos Cordell accompanied Mata to the April 1st meeting in an effort to seek a lesser disciplinary penalty than employment termination. Mata, Chief Hood, and one witness signed the notice of indefinite suspension, Cordell did not. Mata's employment was thereby terminated,[1] and Mata did not appeal that decision.

However, after the suspension was signed, Mata, Cordell, Chief Hood, and several other attendees at the meeting discussed and reviewed the terms and conditions of a "Release and Settlement Agreement," or "last chance agreement," that would reinstate Mata as a fire fighter. This agreement permitted Mata to return to work conditioned on his execution of the agreement, his consent to submit to non-random drug testing, and his completion of a drug rehabilitation program. Cordell and Mata asked for a few changes in the terms of the agreement, which the City made. Notably, Cordell and Mata did not seek to change the non-random drug tests required by the last chance agreement. At the time, neither Mata nor Cordell questioned the

---

[1] "An indefinite suspension is equivalent to dismissal from the department." TEX. LOC. GOV'T CODE ANN. § 143.052(b) (West 2008).

legality of nor argued that the last chance agreement violated the terms of the CBA. Mata, Chief Hood, and one witness signed the last chance agreement, Cordell did not.

Later, following completion of a drug rehabilitation program, Mata again tested positive for cocaine use. The non-random drug test was conducted according to the terms of the last chance agreement. Mata was indefinitely suspended and his employment was terminated. Mata appealed the suspension to an independent third-party hearing examiner and contended the last chance agreement was unenforceable and void because the CBA did not permit non-random drug testing. Mata did not contest the accuracy of the drug test, nor did he assert that he did not use cocaine. The hearing examiner upheld Mata's termination.

Mata appealed the decision to the trial court and filed a motion for summary judgment claiming the hearing examiner acted arbitrarily and capriciously or exceeded his jurisdiction in upholding Mata's termination. The City responded with a motion for summary judgment contending (1) Mata is estopped from denying enforcement of the last chance agreement, (2) the hearing examiner neither exceeded his authority nor acted capriciously in upholding Mata's termination, and the examiner's decision should be confirmed as a matter of law, and (3) alternatively, if the court determined the random drug testing provision of the last chance agreement void, the agreement should be rescinded in its entirety and Mata's original termination upheld. The City also sought (1) a declaration that the last chance agreement was valid and enforceable, (2) a judgment confirming the hearing examiner's award, and (3) attorney's fees. The trial court granted summary judgment in favor of the City without stating the grounds upon which it was granted. Mata appeals the trial court's summary judgment.

## STANDARD OF REVIEW

We review a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). "When both parties move for partial summary judgment on the same issues and the trial court grants one motion and denies the other, as here, the reviewing court considers the summary judgment evidence presented by both sides, determines all questions presented, and if the reviewing court determines that the trial court erred, renders the judgment the trial court should have rendered." *Id.*

In this case the parties agree on the underlying facts. They disagree on the enforceability of the last chance agreement and the interpretation of the CBA. Specifically, they disagree on the standard to employ in reviewing the hearing examiner's decision.

## THIRD-PARTY HEARING EXAMINERS

The threshold issue on appeal is the determination of the applicable standard of review of the hearing examiner's decision. Mata contends the trial court should have reviewed the hearing examiner's decision under either a "substantial evidence or capricious" standard. The City argues review is severely restricted to whether the hearing examiner had jurisdiction to make his decision or exceeded his jurisdiction in making his decision.

### A. Standard of Review of a Hearing Examiner's Decision

The statutory framework of the Fire Fighters and Police Officers Civil Service Act (the Act) establishes a process for fire fighters challenging disciplinary suspensions. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.001–.363 (West 2008 & Supp. 2012); *City of Houston v. Williams*, 99 S.W.3d 709, 713 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Under this scheme, a fire fighter can elect to have his suspension reviewed by a hearing examiner or the Civil Service Commission. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.010, 143.053, 143.057; *City of DeSoto v.*

*White*, 288 S.W.3d 389, 392 (Tex. 2009). A hearing examiner's decision is ordinarily reviewable "only on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means." *See* TEX. LOC. GOV'T CODE ANN. § 143.057(j); *City of Pasadena v. Smith*, 292 S.W.3d 14, 17 (Tex. 2009). However, the Act provides that a "collective bargaining contract [that] specifically provides otherwise" prevails over a "civil service provision." *See* TEX. LOC. GOV'T CODE ANN. § 174.006(a); *City of San Antonio v. Scott*, 16 S.W.3d 372, 376 (Tex. App.—San Antonio 1999, pet. denied).

## B. The Standard Provided in Section 143.057 Governs this Dispute

Mata argues the CBA specifically provides for a substantial evidence or capricious standard of review and therefore this standard prevails over the standard set forth in section 143.057(j) of the Local Government Code. The City responds that the substantial evidence or capricious review is limited to the grievance process outlined in the CBA, and that disciplinary proceedings are specifically excluded from that process. To determine the proper standard of review of the hearing examiner's decision we must review the CBA. "The construction of an unambiguous contract is a question of law for the court, which we may consider under a de novo standard of review." *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011); *accord Coker v. Coker*, 650 S.W.2d 391, 393–94 (Tex. 1983).

Article 30 (Grievance Procedure) of the CBA prescribes a grievance procedure for disputes between the City and Local 624 or one of its fire fighters. Section (1)(D) of Article 30 contains an exception from the grievance procedure for certain disciplinary matters that are subject to the Local Government Code:

> Disciplinary matters subject to the appeals procedure provided by Texas Local
> Government Code Chapter 143 shall not be subject to the grievance/arbitration

procedure; provided that such matters, at the employee's election, will be subject to the Civil Service Commission or grievance/arbitration procedure under a just-cause standard, if Texas Local Government Code Section 143.057 is repealed or amended to eliminate the optional appeal of disciplinary matters to a Hearing Examiner. If the provisions of Chapter 143 are not repealed, and should the employee elect to proceed to the optional appeal of disciplinary matters to a Hearing Examiner, the examiner shall be one of the six (6) pre-selected, qualified neutrals as called for in Section 5(A) hereof. The powers, duties, and/or obligations of said arbitrator/hearing examiner shall likewise be as provided for in this Agreement and applicable provisions of the Texas Local Government Code, Chapter 143.

Mata argues that the terms "arbitrator" and "hearing examiner" are used interchangeably and that Article 31 of the CBA provides the standard of review for the hearing examiner's award:

If, at any time after a decision and/or award of the Civil Service Commission and/or an arbitrator, any affected party contests or challenges the decision or award in any other legal proceeding, the following shall apply:

. . . The decision and award of the arbitrator and/or the Commission must be upheld, unless the contesting party can establish the award was not supported in whole or in part by substantial evidence and/or that the award of the arbitrator and/or the Commission was capricious.

We do not agree with Mata's interpretation of the CBA and its interaction with the Local Government Code. The CBA is unambiguous. *See Coker*, 650 S.W.2d at 393 (holding language that can be given certain or definite legal meaning is unambiguous). By its very terms Article 31 provides the standard of review for the decision and award solely for arbitrators and the Civil Service Commission. It is silent as to hearing examiners. If the employee elects to appeal a suspension to a hearing examiner, Article 30(1)(D) of the CBA specifically subjects such disciplinary procedures to the provisions of Local Government Code section 143.057. Contrary to Mata's interpretation, Article 30(1)(D) of the CBA clearly distinguishes between a hearing examiner and an arbitrator under the grievance procedures. Article 30 contains a number of sections setting forth the procedures to be followed in a grievance proceeding including the submission of unresolved grievances to arbitration before an arbitrator. Article 30 section 5

clearly recognizes the difference between a "grievance . . . submitted to arbitration" and an "employee appeal to a Hearing Examiner." We presume these distinctions were intentional. *See Ogden v. Dickinson State Bank*, 662 S.W.2d 330, 332 (Tex. 1983) ("Generally, the parties to a contract intend every clause to have some effect . . . ."); *accord Birnbaum v. Swepi LP*, 48 S.W.3d 254, 257 (Tex. App.—San Antonio 2001, pet. denied). It is undisputed that (1) Mata's termination was subject to a disciplinary procedure, and (2) Mata elected to have his suspension reviewed by a hearing examiner. Therefore, Mata is subject to the standard of review set forth in Local Government Code section 143.057(j).

**C.   Did the Hearing Examiner Exceed His Jurisdiction?**

If a fire fighter appeals his termination to a hearing examiner, "his ability to seek further review in a district court is severely limited." *See City of DeSoto v. White*, 288 S.W.3d 389, 391 (Tex. 2009). It is undisputed that the hearing examiner had jurisdiction to hear Mata's appeal; moreover, Mata makes no allegation that the hearing examiner's decision was procured by fraud, collusion, or other unlawful means. *See* TEX. LOC. GOV'T CODE ANN. § 143.057(j). Thus, the issue in this case is whether the hearing examiner exceeded his authority by enforcing the last chance agreement. *See id.* The supreme court has provided the following test to guide our inquiry: "[A] hearing examiner exceeds his jurisdiction when his acts are not authorized by the Act or are contrary to it, or when they invade the policy-setting realm protected by the nondelegation doctrine." *City of Waco v. Kelley*, 309 S.W.3d 536, 542 (Tex. 2010) (quoting *City of Pasadena v. Smith*, 292 S.W.3d 14, 21 (Tex. 2009)). Mata makes no argument that the hearing examiner's acts violated the nondelegation doctrine; therefore, we will address whether the hearing examiner's acts were not authorized by the Act or whether they were contrary to the Act. *See Kelley*, 309 S.W.3d at 542.

- 7 -

*1. The Hearing Examiner's Decision Was Authorized by the Act*

The hearing examiner's decision to uphold the indefinite suspension of Mata's employment was authorized by section 143.052 of the Act, which provides that the head of a fire department "may suspend a fire fighter . . . for the violation of a civil service rule." *See* TEX. LOC. GOV'T CODE ANN. § 143.052(b). A commission rule allowing for removal or suspension is valid if the ground for removal is a "violation of an applicable fire or police department rule." *Id.* § 143.051(12). The applicable rule in this case is San Antonio Fire Fighters' and Police Officers' Civil Service Commission Rule XIII(C)(12)(4.09) which states, "The use, possession, sale or acceptance of illegal drugs or narcotics by Members of the San Antonio Fire Department either on or off duty is prohibited."

Mata has not contested his cocaine use, nor has he challenged the reliability or accuracy of the drug tests that indicated his cocaine use. Thus, Mata violated the Fire Department's rules and the hearing examiner did not exceed his authority under the Act to uphold the suspension. *See* TEX. LOC. GOV'T CODE ANN. § 143.051(12), 143.052(b).

*2. The Hearing Examiner's Decision Was Not Contrary to the Act*

Mata contends that because the last chance agreement altered the CBA, the hearing examiner's decision violated the Act's "exclusive bargaining" requirement that only the Union could bargain on Mata's behalf. The Act provides, "fire fighters . . . are entitled to organize and bargain collectively with their public employer," *id.* § 174.023, and "[a] public employer shall recognize an association selected by a majority of the fire fighters of the fire department of a political subdivision as the exclusive bargaining agent for the fire fighters of that department unless a majority of the fire fighters withdraw the recognition," *id.* § 174.101.

Article 9 of the CBA, entitled "Maintenance of Standards," states that "[a]ll standards, privileges, and working conditions enjoyed by the City of San Antonio Fire Fighters at the effective date of this Agreement, which are not included in this Agreement shall remain unchanged for the duration of this Agreement." The hearing examiner found that "[t]he record indicates there is a history of settlement agreements in the San Antonio Fire Department." Mata does not dispute this history. Based on the examiner's findings and the plain language of the CBA, fire fighters had the privilege or work condition of entering into last chance agreements prior to the effective date of the CBA. Accordingly, the record shows that the execution of a last chance agreement was not contrary to the CBA. Thus, the hearing examiner's decision to uphold the suspension was not contrary to the "exclusive bargaining" provisions in the Code. *See generally* TEX. LOC. GOV'T CODE ANN. § 174.023–.109 (West 2008 & Supp. 2012).

In addition, the hearing examiner noted Mata's failure to challenge his first indefinite suspension:

> Had Mr. Mata believed that the indefinite suspension issued to him for his first offense (April 1, 2008) was improper, the appropriate means of challenging the discipline was to file an appeal. The appeal of a subsequent disciplinary action (November 2008), is not the proper step, means, or forum for questioning the prior disciplinary action.

There is no evidence in the record that Mata appealed his first indefinite suspension. *See* TEX. LOC. GOV'T CODE ANN. § 143.052(d) (requiring a suspended fire fighter to appeal his suspension within ten days). *See generally* TEX. LOC. GOV'T CODE ANN. §§ 143.001–.363 (West 2008) (providing procedures to fire fighters for appealing disciplinary actions); *City of Houston v. Williams*, 99 S.W.3d 709, 713 (Tex. App.—Houston [14th Dist.] 2003, no pet.). After his first indefinite suspension, Mata was reinstated contingent upon his execution of the last chance agreement. In his appeal of his second indefinite suspension, Mata asked the hearing examiner

for reinstatement because the last chance agreement was void. If the last chance agreement is void, then Mata's first indefinite suspension remains in place.[2] Thus, under the facts available to the hearing examiner, he could not have reinstated Mata. *Cf. City of Pasadena v. Smith*, 292 S.W.3d 14, 20 (Tex. 2009) ("[T]he Act does not empower a hearing examiner to make rules."). The Act's ten-day period to appeal a suspension would bar Mata's untimely appeal from the original indefinite suspension. *See* TEX. LOC. GOV'T CODE ANN. § 143.052(d); *see also City of Temple Firemen's & Policemen's Civil Serv. Comm'n v. Bender*, 787 S.W.2d 951, 951 (Tex. 1990) (per curium) ("We hold that a civil service commission's jurisdiction is not invoked unless a fire fighter or police officer files a notice of appeal with the commission within ten days after the occurrence of the action being appealed . . . ."); *Downs v. City of Fort Worth*, 692 S.W.2d 209, 212 (Tex. App.—Fort Worth 1985, writ ref'd n.r.e.) (citing the precursor statutes to sections 143.052, 143.053, and 143.057, and holding that compliance with the ten-day timeframe is mandatory).

## CONCLUSION

For the reasons given above, we hold that the hearing examiner did not exceed his jurisdiction by upholding Mata's employment termination. Therefore, we affirm the trial court's summary judgment.

Rebecca Simmons, Justice

---

[2] *Cf. Summers v. Keebler Co.*, 133 Fed. App'x 249, 252 (6th Cir. 2005) ("For even if the last chance agreement were construed to violate the collective bargaining agreement, such a violation did not cause the Plaintiff's injury. The Plaintiff alleges she was injured by being discharged from her job. Without signing the last chance agreement in the first place after she had passed out on the job due to intoxication, she would have been justifiably terminated. Her signing of the last chance agreement saved her from being terminated.").